PATRICIA DeLuca *v.* FERDINAND DeLuca, SR.
(13253)

HEIMAN, SCHALLER and HENNESSY, Js.

Argued March 13—decision released April 25, 1995

*Margaret M. Dorsey,* with whom, on the brief, was *Frederic S. Brody,* for the appellant (plaintiff).

*Joseph T. O'Connor,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the trial court's modification of custody. The plaintiff claims that the trial court improperly found that there had been a material change in circumstances since the custody order was entered at the time of dissolution and, therefore, the trial court improperly granted the defendant's motion for modification. We find the record inadequate to review the plaintiff's claim and affirm the judgment of the trial court.

The marriage between the parties was dissolved by judicial decree on December 10, 1990. At the time of dissolution, the trial court incorporated the terms of a prior stipulation of the parties concerning custody of their sole minor child. On March 7, 1992, the defendant moved for modification of custody. This motion was granted by the trial court in a written memorandum of decision dated January 10, 1994. In its memorandum of decision, the trial court expressly found that "there has been a substantial change in circumstances since the dissolution of the marriage on December 10, 1990. The child now attends school on a full-time basis and is involved in activities." The court ordered that the parties share joint legal and physical custody and a specific visitation schedule was set in place.

The plaintiff argues that the child was in school on a full-time basis when the original custody order was incorporated in the judgment of dissolution. She also claims that the import of the phrase "involved in activi-

ties" was not adequately explained by the trial court. The plaintiff argues that the court abused its discretion in modifying custody because there was no basis for finding that a material change in circumstances had occurred.

Although the plaintiff claims that the trial court abused its discretion in finding a material change in circumstances, she failed to request that the trial court articulate the bases of its finding. "It is a well established principle of appellate procedure that the appellant has the duty of providing this court with a record adequate to afford review. Practice Book § 4061; *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993). Where the factual or legal basis of the trial court's ruling is unclear, the appellant should seek articulation pursuant to Practice Book § 4051. *Matza* v. *Matza*, 226 Conn. 166, 187–88, 627 A.2d 414 (1993)." *State* v. *Marquis*, 36 Conn. App. 803, 804, 653 A.2d 833 (1995). The plaintiff failed to do so.

Our review of the trial court's memorandum of decision fails to enlighten us as to the factual basis for the conclusion that a material change in circumstances had occurred, although it is unquestionable that the trial court did reach such a conclusion. When the decision of the trial court does not make the factual predicates of its findings clear, we will, in the absence of a motion for articulation, assume that the trial court acted properly. *Water Street Associates Ltd. Partnership* v. *Innopak Plastics Corp.*, 230 Conn. 764, 773–74, 646 A.2d 790 (1994); *State* v. *Marquis*, supra, 36 Conn. App. 804.

The judgment is affirmed.