## STATE OF CONNECTICUT *v.* RAYMOND MARQUIS (15243)

Peters, C. J., and Callahan, Berdon, Norcott and Katz, Js.

Argued November 29—decision released December 26, 1995

*Nancy L. Gillespie*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Edward R. Narus*, assistant state's attorney, for the appellant (state).

*Matthew J. Collins*, for the appellee (defendant).

PER CURIAM. The sole issue in this certified appeal is whether the state has presented a sufficient record for appellate review of the trial court's denial of the state's motion, filed pursuant to General Statutes § 54-86g,[1] to videotape the testimony of a young child who allegedly had been the victim of a sexual assault. The state charged the defendant, Raymond Marquis, with sexual assault in the first degree in violation of General

---

[1] General Statutes § 54-86g provides in relevant part: "Testimony of victim of child abuse. Court may order testimony taken outside courtroom. Procedure. (a) In any criminal prosecution of an offense involving assault, sexual assault or abuse of a child twelve years of age or younger, the court may, upon motion of the attorney for any party, order that the testimony of the child be taken in a room other than the courtroom in the presence and under the supervision of the trial judge hearing the matter and be televised by closed circuit equipment in the courtroom or recorded for later showing before the court. . . . [T]he court may order the defendant excluded from the room or screened from the sight and hearing of the child only if the state proves, by clear and convincing evidence, that the child would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that a compelling need exists to take the testimony of the child outside the physical presence of the defendant in order to insure the reliability of such testimony. . . ."

Statutes (Rev. to 1991) § 53a-70 (a) (2)[2] and risk of injury to a child in violation of General Statutes § 53-21.[3] As a consequence of the trial court's denial of the state's motion to videotape, the state represented that it could not proceed further with the charges against the defendant. The trial court consequently dismissed the charges against the defendant, discharged him from custody and gave the state permission, pursuant to General Statutes § 54-96,[4] to appeal the judgment of dismissal.

In its appeal to the Appellate Court, the state claimed that the trial court had improperly denied the state's motion to videotape the victim. The state, in its appeal, asserted that the trial court improperly had based its decision on the state's refusal to permit the child to be examined by a defense psychiatrist. The Appellate Court held, however, that the trial court's decision might equally be interpreted to have been based upon a determination that the state had failed to meet its statutory burden of proving, by clear and convincing evidence, that there was a need to videotape the child. *State* v. *Marquis*, 36 Conn. App. 803, 804, 653 A.2d 833 (1995). Accordingly, the Appellate Court concluded that

[2] General Statutes (Rev. to 1991) § 53a-70 provides in relevant part: "Sexual assault in the first degree: Class B felony: One year not suspendable. (a) A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with a person under thirteen years of age."

[3] General Statutes § 53-21 provides: "Injury or risk of injury to, or impairing morals of, children. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[4] General Statutes § 54-96 provides: "Appeals by the state from superior court in criminal cases. Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

the appellate record did not unambiguously disclose the basis for the trial court's ruling. Id. In the perceived absence of the requisite clear record for appellate review of the issue presented by the state, the Appellate Court affirmed the judgment of the trial court. Id., 803–804.

We granted the state's request for certification to appeal from the Appellate Court. Because the Appellate Court never reached the merits of the state's appeal, we certified only the issue of the sufficiency of the record for appellate review.[5] We reverse the judgment of the Appellate Court.

In support of its claim that the record is adequate for review, the state relies on the trial court's oral memorandum of decision, in which the court described the procedure that it had followed in its rulings with regard to videotaping. The court first heard the state's case, and determined that the state had made a prima facie showing in favor of the videotaping. It then ruled that "the defense at this time is entitled to examination of the child." Because of objections to such an examination voiced by the child's mother and her guardian ad litem, the state refused to permit this examination. The court then ruled: "On the refusal of the State to permit the child to be examined by the defense psychiatrist, then the Court does have to deny the motion for videotaping." Thereafter, upon the representation of the state that, without the videotaping, it would not be able to proceed, both the state and the defendant moved for dismissal of the case. The court granted the defendant's

---

[5] We granted the state's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly affirm the trial court's judgment dismissing the information on the ground that it was impossible to ascertain from the record the basis on which the trial court denied the state's motion to videotape the victim's testimony?" *State* v. *Marquis*, 233 Conn. 902, 657 A.2d 641 (1995).

motion for dismissal and the state's motion for permission to appeal.

We agree with the state that this record is unambiguous. A reasonable reading of the record discloses that the trial court refused to permit videotaping of the child solely because the defendant's psychiatrist was not permitted to examine the child. This case must therefore be remanded to the Appellate Court for a consideration of the merits of the trial court's ruling.

The judgment is reversed and the case is remanded to the Appellate Court for further proceedings in accordance with this opinion.