STATE OF CONNECTICUT *v.* RAYMOND MARQUIS
(13373)

Heiman, Spear and Hennessy, Js.

Argued January 25—officially released July 16, 1996

*James M. Ralls*, assistant state's attorney, with whom were *Nancy L. Gillespie*, former deputy assistant state's attorney, and, on the brief, *James E. Thomas*, state's attorney, and *Edward R. Narus*, assistant state's attorney, for the appellant (state).

*Matthew J. Collins*, for the appellee (defendant).

HEIMAN, J. This matter is before us on remand from our Supreme Court. *State* v. *Marquis*, 235 Conn. 659, 668 A.2d 710 (1995). The state originally appealed[1] to

---

[1] General Statutes § 54-96 provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

this court from the trial court's dismissal of the case on the application of both the state and the defendant. *State* v. *Marquis*, 36 Conn. App. 803, 653 A.2d 833 (1995). Both parties had moved to dismiss the case following the trial court's denial of the state's motion for permission to videotape the testimony of the child victim outside the physical presence of the defendant. Id. On appeal, the state claimed that the trial court improperly (1) determined that the defendant was entitled to have his psychiatric expert examine the victim before the court could grant the state's motion and (2) denied the state's motion without exercising its statutory discretion pursuant to General Statutes § 54-86g.[2] We declined

[2] General Statutes § 54-86g provides: "(a) In any criminal prosecution of an offense involving assault, sexual assault or abuse of a child twelve years of age or younger, the court may, upon motion of the attorney for any party, order that the testimony of the child be taken in a room other than the courtroom in the presence and under the supervision of the trial judge hearing the matter and be televised by closed circuit equipment in the courtroom or recorded for later showing before the court. Only the judge, the defendant, the attorneys for the defendant and for the state, persons necessary to operate the equipment and any person who would contribute to the welfare and well-being of the child may be present in the room with the child during his testimony, except that the court may order the defendant excluded from the room or screened from the sight and hearing of the child only if the state proves, by clear and convincing evidence, that the child would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that a compelling need exists to take the testimony of the child outside the physical presence of the defendant in order to insure the reliability of such testimony. If the defendant is excluded from the room or screened from the sight and hearing of the child, the court shall ensure that the defendant is able to observe and hear the testimony of the child, but that the child cannot see or hear the defendant. The defendant shall be able to consult privately with his attorney at all times during the taking of the testimony. The attorneys and the judge may question the child. If the court orders the testimony of a child to be taken under this subsection, the child shall not be required to testify in court at the proceeding for which the testimony was taken.

"(b) In any criminal prosecution of an offense involving assault, sexual assault or abuse of a child twelve years of age or younger, the court may, upon motion of the attorney for any party, order that the following procedures be used when the testimony of the child is taken: (1) Persons shall be prohibited from entering and leaving the courtroom during the child's testimony; (2)

to review the issues raised by the state, concluding that it had failed in its obligation to provide us with a record adequate to afford review. Id., 803. We concluded that the factual and legal basis of the trial court's ruling was unclear, that the state had failed to seek an articulation and that, in the absence of a request for an articulation, we read an ambiguous record to support rather than to undermine the judgment. Id., 804.

Our Supreme Court granted the state's petition for certification.[3] The Supreme Court reversed the judgment of this court, concluding that, in its judgment, "this record is unambiguous. A reasonable reading of the record discloses that the trial court refused to permit videotaping of the child *solely because the defendant's psychiatrist was not permitted to examine the child*."[4] (Emphasis added.) *State* v. *Marquis*, supra, 235 Conn. 663. We are, of course, bound by the determination of the Supreme Court as to what it concludes the record shows, and we must therefore resolve this case on the basis of the fact that the trial court denied the motion to videotape solely because the defendant's expert was not permitted to examine the child. We now reverse the judgment of the trial court.

an adult who is known to the child and with whom the child feels comfortable shall be permitted to sit in close proximity to the child during the child's testimony, provided such person shall not obscure the child from the view of the defendant or the trier of fact; (3) the use of anatomically correct dolls by the child shall be permitted; and (4) the attorneys for the defendant and for the state shall question the child while seated at a table positioned in front of the child, shall remain seated while posing objections and shall ask questions and pose objections in a manner which is not intimidating to the child."

[3] The grant of certification was limited to the following issue: "Did the Appellate Court properly affirm the trial court's judgment dismissing the information on the ground that it was impossible to ascertain from the record the basis on which the trial court denied the state's motion to videotape the victim's testimony." *State* v. *Marquis*, 233 Conn. 902, 657 A.2d 641 (1995).

[4] The state refused to permit the psychiatric examination pursuant to the objections to the examination voiced by the child's mother and guardian ad litem.

The facts necessary to a resolution of this appeal are as follows. The defendant was charged in a long form information with one count of sexual assault in the first degree in violation of General Statutes (Rev. to 1991) § 53a-70 (a) (2)[5] and one count of risk of injury to a child in violation of General Statutes § 53-21.[6] The state charged that the defendant committed the sexual assault by engaging in sexual intercourse with a person under thirteen years of age. The state claimed that the defendant penetrated the victim's vagina with either a part of his body or an object manipulated by him. As to the crime of risk of injury to a child, the state charged that the defendant committed an act that was likely to impair the health or morals of a child under the age of sixteen years. The state asserted that the defendant subjected the victim to contact of her genital area with either a part of his body or with an object manipulated by him. The alleged victim of both crimes was four years old at the time of the alleged acts.

On July 7, 1993, the state filed a motion for permission to videotape the testimony of the victim.[7] The trial court heard the motion and, on July 30, 1993, denied it without prejudice and with permission to renew it at the time of trial.

[5] General Statutes (Rev. to 1991) § 53a-70 provides in pertinent part: "(a) A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with a person under thirteen years of age."

[6] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[7] The motion is not a part of the record. In the record, the clerk reports by letter that the trial court docket entries reflect that the state filed such a motion on July 7, 1993, but that the original motion could not be located for inclusion in the record.

On February 1, 1994, at a hearing before the trial court, the state indicated that it intended to renew its motion.[8] The state asserted that the victim would be unable to testify in the presence of the defendant and that, if the state's motion was denied, it would be precluded from producing the complaining witness. The defendant objected to a relitigation of the issue. The trial court determined that the original motion had been neither factually nor legally resolved, and that the motion was properly before it.

On February 10, 1994, at the hearing on the state's motion, the state completed its offer of evidence and the defendant requested that the trial court deny the state's motion. The defendant claimed that the state had failed to sustain its burden of proof. The trial court responded by asking the defendant whether he wanted to offer evidence. The defendant indicated that he wanted to offer evidence but sought a ruling on his request to deny the state's motion. The trial court responded by stating: "The state has produced a prima facie case." As part of its response, however, the trial court also granted a motion that had been previously made by the defendant requesting that the victim be examined by the defendant's psychiatric expert.[9]

---

[8] On February 4, 1994, the state renewed its motion in writing.

[9] The colloquy between the court and counsel was as follows:

"[Defendant's Counsel]: Your Honor, I would just at this point move that the court deny the state's motion solely on its—the evidence that it's presented. It has—according to *Jarzbek* and its progeny, it has a substantial burden.

"The Court: You don't want to offer any evidence?

"[Defendant's Counsel]: Well, I do have evidence, but I think for the purposes of—well, for the purposes of this hearing, I don't think the state has carried its burden. I would also renew my motion to have—well, we can take them one step at a time, but—

"The Court: I grant your motion to have the child examined by the doctor, but you indicated that in this hearing you wanted to present evidence.

"[Defendant's Counsel]: Well, Your Honor, I do have evidence to present. I think for the purposes of fairness and also in light of what's been presented so far, I think as part of that I should be entitled to have—

After a short recess, the state advised the court that the state had, at an earlier time, opposed the defendant's motion to have the victim examined by the defendant's expert. In response, the trial court ruled that the defendant was entitled to have the victim examined and that the state had presented a prima facie case as to the necessity of videotaping the victim's testimony.[10] The state indicated that the victim's guardian ad litem did not want the victim to be examined and that the victim's mother had reservations about such an examination. The state objected to making the victim available for examination and requested that the court rule on its

"The Court: The state has produced a prima facie case. You have evidence to present?

"[Defendant's Counsel]: I do have evidence, but I would also ask, as part of—I would ask that I be allowed to have the child examined as part of this hearing also.

"The Court: That's the order I get. I just have given the order on that motion to have the child examined by Dr. Solnit as a matter of this motion."

[10] The colloquy between the assistant state's attorney and the trial court was as follows:

"[Assistant State's Attorney]: As I understand Your Honor's comments prior to the recess, you are, in fact, or have indicated that the child victim here . . . in the case must be turned over to the defense expert, [Dr.] Solnit, for examination of her at two o'clock; is that—that's as I understood that.

"The Court: That's what I had said and ordered.

"[Assistant State's Attorney]: Okay. And in that case, the state obviously had made a motion to oppose that request by the defense counsel, and I would ask the court to make a ruling on that motion to deny that request of the state.

"The Court: I thought that was the answer to the motion. I held a decision in reservation until I heard the state's case, and I'm satisfied that the state has given a prima facie case. So at this point of time, I grant the defense motion to have the child examined by their expert, which I believe is Dr. Solnit, and that comes as a matter of Practice Book rules of discovery or the state of mind as offered to limit confrontation or for any other purpose. The other, adverse, side has an opportunity of examining for that state of mind. In this particular matter, if the state is going to succeed in videotaping the child's testimony out of the presence of the defendant and/or the presence of the jury, the defense is entitled in that hearing to determine whether or not such procedure is necessary. So at this point of time, I have sufficient evidence that the state has produced a prima facie case, and the defense at this time is entitled to examination of the child."

pending motion to permit the videotaping of the victim's testimony. In response to the state's request, the trial court denied the motion. The trial court stated its ruling in the following terms: "On the refusal of the state to permit the child to be examined by the defense psychiatrist, then the court does have to deny the motion for videotaping."

Following the court's ruling, the state indicated that, in its judgment, the victim would not be able to testify in the presence of the defendant. The state asked the court to dismiss the case against the defendant and to permit the state to appeal the trial court's ruling. The court dismissed the case and allowed this appeal.[11]

I

The state's first claim is that the trial court improperly determined that the defendant was entitled to have his psychiatric expert examine the victim before the court could grant the state's motion to videotape the victim's testimony. We agree.

In *State* v. *Jarzbek*, 204 Conn. 683, 684, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988), our Supreme Court addressed the question of "whether, in a criminal prosecution involving alleged sexual abuse of children, a minor victim may testify through the use of a videotape made outside the physical presence of the defendant."[12] The court concluded that "in criminal prosecutions involving the alleged sexual abuse of children of tender years, the practice of videotaping the testimony of a minor victim outside the physical presence of the defendant is, in appropriate circumstances, constitutionally permissible." Id., 704. The court mandated a "case-by-case analy-

---

[11] See footnote 1.

[12] The court did not address General Statutes § 54-86g because that statute did not become effective until after the initiation of the case. *State* v. *Jarzbek*, supra, 204 Conn. 686 n.2.

sis, whereby a trial court must balance the individual defendant's right of confrontation against the interest of the state in obtaining reliable testimony from the particular minor victim in question." Id.

The *Jarzbek* court elaborated on its conclusion in the following manner: "Under the approach we adopt today, a trial court must determine, at an evidentiary hearing, whether the state has demonstrated a compelling need for excluding the defendant from the witness room during the videotaping of a minor victim's testimony. In order to satisfy its burden of proving compelling need, the state must show that the minor victim would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that the trustworthiness of the victim's testimony would be seriously called into question. Furthermore, *the state bears the burden of proving such compelling need by clear and convincing evidence. . . .* Although the trial court may consider the well-being of the witness as a significant factor in its analysis, the state cannot prove need simply by demonstrating that the victim would suffer some harm if forced to testify in the presence of the accused. We reiterate that, in light of the constitutional right of confrontation at stake here, the primary focus of the trial court's inquiry must be on the reliability of the minor victim's testimony, not on the injury that the victim may suffer by testifying in the presence of the accused." (Citations omitted; emphasis added.) Id., 704–705.

The *Jarzbek* court did not hold that a defendant is entitled to have a defense expert conduct a psychological or psychiatric examination of a child victim prior to the videotaping of the victim's testimony. The court noted, however, that "[i]f, *after* an evidentiary hearing, the trial court finds a compelling need to exclude the defendant from the witness room during the taping of a minor victim's testimony, defense counsel must be afforded a full opportunity, prior to the videotaping

session, to meet privately with the victim in order to discuss the events in question." (Emphasis added.) Id., 705 n.10. Thus, nothing in *Jarzbek*, including footnote ten of that opinion, supports the trial court's ruling here that a psychiatric examination of the victim by the defendant's expert was a necessary prerequisite to granting the state's motion to videotape the victim's testimony.

Moreover, in examining footnote ten of *Jarzbek*, we have explained: "As a general rule, witnesses are not required to meet with defense counsel. Nor is the state affirmatively required to make its witnesses available to defense counsel. The state's duty is to refrain from actively interfering with defense counsel's access to witnesses who are otherwise willing to meet with defense counsel. . . . Our rules of practice are consistent with these principles. Practice Book § 791 permits depositions of witnesses in criminal cases only where a witness is likely to be unavailable for trial. Indeed, before trial, defense counsel is not even entitled to the statements of state's witnesses that were given to law enforcement authorities, unless of course, they are exculpatory. See Practice Book §§ 746 (2), 741 (1), 751.

"We do not believe the *Jarzbek* majority intended to alter the rules of discovery in criminal cases by conferring an unlimited right on defense counsel to compel a pretrial meeting with the state's witnesses, particularly child victims of sexual abuse. The court's remark [in footnote ten], when construed in the light of long and well established rules governing discovery in criminal cases, is more properly read as a reminder by the court that, even when child victims are to be videotaped at a time and place removed from the remainder of the trial, the defendant must be afforded the same opportunity for meeting with such witnesses as otherwise exists under our rules of practice." (Citations omitted.) *State*

v. *Darby*, 19 Conn. App. 445, 454–55, 563 A.2d 710, cert. denied, 213 Conn. 801, 567 A.2d 833 (1989).

Subsequent to its decision in *Jarzbek*, the Supreme Court addressed the issue of whether expert opinion evidence is required *at the trial court hearing* regarding the necessity of videotaping the testimony of the child victim. *State* v. *Spigarolo*, 210 Conn. 359, 371–72, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989). Although *Spigarolo* does not directly address the issues raised in this appeal, it sheds light on whether *Jarzbek* establishes the need for experts to be involved at all in the process of determining the testimonial reliability of a child victim. The court stated: "We reject the defendant's argument that *Jarzbek* contemplates that expert testimony is necessary to establish the state's burden of proof. Nothing in *Jarzbek* indicates any such requirement." Id., 372. Thus, no requirement exists under *Jarzbek* or its progeny that experts must be utilized in the process of establishing the need to videotape the testimony of a child victim.

Our legislature has also set forth procedures that govern the taking of the testimony of child victims. General Statutes § 54-86g,[13] originally adopted by our General Assembly in Public Acts 1985, No. 85-587, governs the videotaping of a child victim's testimony outside the physical presence of the defendant.[14] In addition, Public Acts 1985, No. 85-587, created a child witness competency rule, General Statutes § 54-86h, which provides that "[n]o witness shall be automatically adjudged incompetent to testify because of age and any child who is a victim of assault, sexual assault or abuse

---

[13] See footnote 2.

[14] General Statutes (Rev. to 1989) § 54-86g was amended by Public Acts 1989, No. 89-177 to reflect the decision of the Supreme Court in *Jarzbek* that the state bears the burden of proving, by clear and convincing evidence, that a compelling need exists to videotape the testimony of the child outside the physical presence of the defendant. See General Statutes § 54-86g (a).

shall be competent to testify without prior qualification. The weight to be given the evidence and the credibility of the witness shall be for the determination of the trier of fact."

Under the current statutory scheme governing the testimony of child victims, the legislature has not provided us with a statute that entitles a defendant to have a defense expert conduct a psychological or psychiatric examination of the child as a prerequisite to the court's granting of a motion to videotape the child's testimony. Prior to the enactment of § 54-86h, however, the competency of a child witness to testify was determined by the trial court. See *State* v. *Brigandi*, 186 Conn. 521, 534–35, 442 A.2d 927 (1982). Moreover, under the previous system of determining the testimonial competency of an alleged child victim, the trial court was entitled, although not mandated, to order a psychiatric examination of the child if it deemed such an examination necessary. See *State* v. *Manning*, 162 Conn. 112, 114–16, 291 A.2d 750 (1971). Thus, § 54-86h effected a substantial change in the procedure for establishing whether child victims are to be considered competent to testify. That procedure does not provide for a psychiatric examination by a defense expert prior to the granting of a motion to videotape the child's testimony pursuant to § 54-86g. It is presumed that the legislature, in enacting statutes, acts with the knowledge of existing relative statutes and with the intent to create one consistent body of law. *Commissioner* v. *Freedom of Information Commission*, 204 Conn. 609, 620, 529 A.2d 692 (1987). By enacting §§ 54-86g and 54-86h as part of the same public act and in light of the case law existing at the time of enactment, the legislature clearly intended to create an updated and consistent body of law regulating the testimony of child victims of assault, sexual assault or abuse.

We have also examined the statutes and rules of practice relating to discovery in criminal cases. None of these provisions mandates that a child sexual assault victim be examined by the defendant's expert as a condition precedent to a trial court's granting of a motion pursuant to § 54-86g. No good purpose will be served by listing each of the statutes and rules of practice relating to criminal discovery. Our review of the statutes and rules of discovery fails to disclose any statute or rule, or combination thereof, that mandates such an examination, contrary to the trial court's determination.

On the basis of the foregoing, we conclude that the trial court improperly determined that the defendant was entitled to have his expert conduct a psychiatric examination of the child victim as a prerequisite to the court's granting of the state's motion filed pursuant to § 54-86g.

II

The state also asserts that the trial court improperly denied the state's § 54-86g motion without exercising its discretion pursuant to that section.[15] We agree.

"[T]he trial court's discretion under § 54-86g to order the taking of the victim's testimony outside the defendant's physical presence is circumscribed by the criteria established in *Jarzbek*. In applying the *Jarzbek* criteria to motions made pursuant to § 54-86g, we rewrite nothing in the language of the statute, but identify those conditions under which the trial court constitutionally may exercise its statutory discretion to grant the motion." *State* v. *Snook*, 210 Conn. 244, 251, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989). "Discretion imports more than leeway in decision making. It implies a legal prudence and sagacity to be exercised in conformity with the spirit of the

---

[15] See footnote 2.

law and in a manner to serve and not to impede the ends of substantive justice." *State* v. *Bagley*, 35 Conn. App. 138, 141 n.5, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994). Moreover, the trial court's exercise of its legal discretion "must be informed by the policies that the [relevant] statute is intended to advance." *In re Sheldon G.*, 216 Conn. 563, 584, 583 A.2d 112 (1990).

Here, the trial court ruled on the state's motion before the defendant had an opportunity to present any evidence, and the court based its ruling on an incorrect premise that the defendant was entitled, as a matter of law, to have his psychiatric expert examine the victim as a prerequisite to the court's granting of the motion. Moreover, while the court found that the state had made out a "prima facie case" pursuant to § 54-86g, the court did not make a finding as to whether the state had met its burden of proof by clear and convincing evidence pursuant to both *Jarzbek* and the express language of § 54-86g. Thus, the trial court improperly ruled as it did because it did not make the appropriate findings that it was required to make to determine whether the testimony of the victim was to be videotaped outside the physical presence of the defendant.

In summary, we conclude that a defendant is not entitled to have a defense expert conduct a psychological or psychiatric examination of an alleged child victim as a prerequisite to the trial court's granting of a motion filed pursuant to § 54-86g. The trial court acted improperly in denying the state's motion filed pursuant to that statute based on the failure of the victim to submit to such an examination.

The judgment is reversed and the case is remanded for a full evidentiary hearing on the state's motion to videotape the testimony of the victim outside the physi-

cal presence of the defendant and for further proceedings according to law.

In this opinion the other judges concurred.