JESSICA FITZGERALD *v.* TRACY FITZGERALD
(AC 20562)

Schaller, Mihalakos and Zarella, Js.

Submitted on briefs October 18—officially released December 19, 2000

*Judith I. Johannsen* and *Michael A. Lockaby* filed a brief for the appellant (defendant).

*Kenneth J. McDonnell* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant, Tracy Fitzgerald, appeals from the judgment of the trial court in this action for the dissolution of the parties' marriage. On appeal, the defendant claims that the court improperly determined that certain moneys transferred from his mother to him and the plaintiff, Jessica Fitzgerald, constituted a gift and not a loan. We affirm the judgment of the trial court.

In the court's memorandum of decision, the only reference to those moneys is the following legal conclusion: "The court finds that as far as the plaintiff wife is concerned, the funds contributed by the defendant's mother for the purchase of the parties' marital home was a gift. To hold otherwise would compel a finding of fraud by the parties to induce the bank to grant the mortgage. If the defendant wishes to consider the gift from his mother as a loan, it shall be his obligation to repay it and hold harmless the plaintiff from any liability." The defendant did not seek an articulation of this conclusion.

"Under these circumstances, [w]e . . . are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48

Conn. App. 605, 608–609, 710 A.2d 190 (1998). It is a well established principle of appellate procedure that the appellant has the duty of providing this court with a record adequate to afford review. Practice Book § 61-10; *Lombardi* v. *Lombardi*, 55 Conn. App. 117, 118, 737 A.2d 988 (1999), cert. denied, 252 Conn. 943, 747 A.2d 520 (2000). "Where the factual or legal basis of the trial court's ruling is unclear, the appellant should seek articulation pursuant to Practice Book § [66-5]." *State* v. *Marquis*, 36 Conn. App. 803, 804, 653 A.2d 833, rev'd on other grounds, 235 Conn. 659, 668 A.2d 710 (1995).

Accordingly, "[w]hen the decision of the trial court does not make the factual predicates of its findings clear, we will, in the absence of a motion for articulation, assume that the trial court acted properly." *DeLuca* v. *DeLuca*, 37 Conn. App. 586, 588, 657 A.2d 690 (1995). We conclude that the record is inadequate for our review of the defendant's claim. Moreover, we assume the court acted properly in the absence of a motion for articulation.

The judgment is affirmed.