GENERAL ELECTRIC CAPITAL CORPORATION OF
PUERTO RICO *v.* SUHAIL RIZVI ET AL.
(AC 30028)

McLachlan, Lavine and West, Js.

Argued January 6—officially released April 14, 2009

*Roger J. Pearson,* for the appellants (defendants).

*Jane W. Arnone,* for the appellee (plaintiff).

*Opinion*

WEST, J. The defendants, Suhail Rizvi and Patti Jean Blanchard-Rizvi, appeal from the judgment of the trial

court granting an application for a prejudgment remedy, pursuant to General Statutes § 52-278a et seq., filed by the plaintiff, General Electric Capital Corporation of Puerto Rico. On appeal, the defendants claim that the court improperly granted the application because the court (1) incorrectly determined that the contemplated action supporting the plaintiff's application was an independent domestic action rather than an action in aid of a pending foreign action and (2) misapplied the law of the case doctrine to this determination. We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts. On September 9, 1999, the defendants executed a personal guarantee in favor of the plaintiff. The defendants guaranteed all obligations incurred by Inter-Island Air, Inc. (Inter-Island), a corporation organized under the laws of Puerto Rico,[1] to the plaintiff under a lease agreement for an aircraft entered into on September 3, 1999. The defendants, as individuals in their own capacity, jointly and severally and unconditionally guaranteed "the due regular and punctual payment of any sum . . . of money which [Inter-Island] may owe to [the plaintiff] now or at anytime hereafter . . . whether it [is, inter alia] principal, interest, rent, late charges, indemnities, an original balance, an accelerated balance, liquidated damages . . . or any other . . . sum of any kind whatsoever that [Inter-Island] may owe to [the plaintiff] . . . ." The defendants further guaranteed "the due, regular and punctual performance of any other duty or obligation of any kind or character whatsoever that [Inter-Island] may owe to [the plaintiff and] to pay upon demand all losses, costs, attorneys' fees and expenses . . . suffered by [the plaintiff] by reason of [Inter-Island's] default or default of the [defendants]."

In a complaint dated March 7, 2007, the plaintiff filed an action against, among others, Inter-Island and the

[1] At the time, Suhail Rizvi was president of Inter-Island.

defendants in the Puerto Rico Court of First Instance. In that action, the plaintiff sought damages for the alleged breach of the lease agreement by Inter-Island as well as enforcement of the personal guarantee executed by the defendants.[2] On June 8, 2007, the plaintiff filed an application for a prejudgment remedy in the Superior Court in the judicial district of Stamford-Norwalk, seeking an attachment of approximately $1.1 million against the defendants. The defendants, on July 6, 2007, filed a motion to dismiss the plaintiff's application. The defendants, citing our Supreme Court's holding in *Cahaly* v. *Benistar Property Exchange Trust Co.*, 268 Conn. 264, 842 A.2d 1113 (2004),[3] argued, essentially, that a prejudgment attachment was improper because there was a prior pending action filed by the plaintiff against the defendants on the guarantee in Puerto Rico. Furthermore, they claimed that the contemplated action attached to the plaintiff's application was not an independent action contemplated in Connecticut but, rather, an action in support of a foreign judgment yet to be obtained. On October 9, 2007, the court, *Tobin, J.*, denied the motion.[4] The defendants filed a motion

[2] In the complaint, the plaintiff alleged that the defendants, as a result of their personal guarantee to the plaintiff, were liable to it for the sums attributed in the complaint to the alleged breach of the lease agreement with Inter-Island. The plaintiff, therefore, "requested of [the court] that . . . it . . . enter judgment ordering [the] defendants to jointly pay to [the plaintiff] the sum of [the damages resulting from *Inter-Island*'s breach of the lease agreement, plus interest] *providing* that [the] defendants owe to [the] plaintiff the sums indicated therein." (Emphasis added.)

[3] The *Cahaly* court concluded that "[s]ince a plaintiff cannot bring an action to enforce a foreign judgment until that foreign judgment is obtained, a plaintiff likewise cannot base an application for a prejudgment remedy on an action to enforce a foreign judgment until that foreign judgment is obtained." *Cahaly* v. *Benistar Property Exchange Trust Co.*, supra, 268 Conn. 275.

[4] The defendants contend that this ruling was a preliminary ruling and that the court stated that it would leave open the option of revisiting the matter in a subsequent hearing. This contention bears little discussion as the record is clear that the motion was denied by the court on October 9, 2007. The motion itself is marked denied on October 9, 2007, the case detail sheet lists the motion as denied on that date and the transcript is clear that

to reargue on October 29, 2007, which the court denied on October 30, 2007.

The court, *J. R. Downey, J.*, held a probable cause hearing on January 22, 2008, which was continued on April 14, 2008. Again, the defendants, during the January 22, 2008 hearing, raised the issue addressed by *Cahaly* that was central to their motion to dismiss. After hearing the parties' arguments concerning whether Judge Tobin had previously ruled on the motion, Judge Downey stated that he "[would] take [the defendants'] motion to dismiss." In his June 2, 2008 memorandum of decision granting the plaintiff's application for a prejudgment attachment, Judge Downey ruled that in regard to the issue raised by the defendants during the January 22, 2008 hearing, "the law of the case [had] been established by Judge Tobin's prior decision." On June 3, 2008, the court ordered an attachment of the defendants' real estate located in Greenwich in the amount of $750,000.[5] This appeal followed.

I

The defendants first claim that the trial court improperly granted the application for the prejudgment remedy because Judge Tobin had incorrectly determined that the contemplated action supporting the plaintiff's application was an independent domestic action rather than an action in aid of a pending foreign action that is not contemplated by the prejudgment remedy statutes. We disagree.

the motion was denied on that date. Furthermore, "our rules of practice establish a procedure for rectifying the trial court record to include necessary material for the proper presentation of the issues raised on appeal"; *State* v. *McMillan*, 51 Conn. App. 676, 682, 725 A.2d 342, cert. denied, 248 Conn. 911, 732 A.2d 179 (1999); and the defendants took no steps in this regard. See Practice Book §§ 66-5 (motion for rectification) and 66-7 (motion for review of motion for rectification).

[5] The court granted the defendants' motion to stay the imposition of the prejudgment remedy pending this appeal.

We begin by setting out the law governing prejudgment remedies and our limited role on review. "A prejudgment remedy means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment. . . . General Statutes § 52-278a (d). A prejudgment remedy is available upon a finding by the court that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. . . . General Statutes § 52-278d (a) (1). . . .

"As for [the] standard of review [on appeal], [our Supreme Court has instructed that an appellate] court's role on review of the granting of a prejudgment remedy is very circumscribed. . . . In the absence of clear error, [a reviewing] court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised. . . . [On appeal], therefore, we need only decide whether the trial court's conclusions were reasonable under the clear error standard." (Citations omitted; internal quotation marks omitted.) *TES Franchising, LLC* v. *Feldman*, 286 Conn. 132, 137–38, 943 A.2d 406 (2008).[6]

---

[6] Our Supreme Court, in *TES Franchising, LLC*, took the opportunity to clarify the distinction between the clear error and the abuse of discretion standards of review in the prejudgment remedy context, which our past cases have appeared to use synonymously. It stated: "Because we have employed both standards, and given our well established emphasis that the trial court has a great degree of discretion in ruling on an application for a prejudgment remedy . . . we conclude that the clear error standard in this context is a heightened standard of deference that exceeds the level of deference afforded under the abuse of discretion standard. Therefore, this court will overrule the trial court's determination on a prejudgment remedy only if we are left with the definite and firm conviction that a mistake

In *Cahaly*, the issue was "whether the prejudgment remedy statutes are satisfied by attaching to the application an unsigned writ of summons and complaint that constitutes a prospective action in Connecticut that will be brought to enforce a foreign judgment, *prior to the foreign judgment's having been obtained*." (Emphasis in original; internal quotation marks omitted.) *Cahaly* v. *Benistar Property Exchange Trust Co.*, supra, 268 Conn. 273–74. The court concluded that the prejudgment remedy statutes were not satisfied by such prospective actions. Id. In other words, "the 'action' referred to in [the statutes] must be an action that the plaintiff is about to bring in Connecticut upon which a Connecticut court will render judgment. It does not include a future judgment on an action that the plaintiff has filed or proposes to file in another [jurisdiction]." Id.

During the October 9, 2007 probable cause hearing, the parties agreed to have the court hear argument then concerning the defendants' motion to dismiss. Judge Tobin, after examining the application for a prejudgment remedy, concluded that "the gravamen of the complaint is clear; [the plaintiff] is suing on the underlying cause of action." The court further concluded that the holding in *Cahaly* was inapplicable despite the parallel action in Puerto Rico because the contemplated action attached to the plaintiff's application "is an independent action [brought] in Connecticut. . . . So, ultimately it is not in the aid of the Puerto Rico action, it is a separate action."

Upon our review of the record, given our limited scope of review, we cannot conclude that the decision of the court denying the motion to dismiss constituted clear error. It is evident from the record that it was not error for the court to conclude that the application was

has been committed." (Citations omitted; internal quotation marks omitted.) *TES Franchising, LLC* v. *Feldman*, supra, 286 Conn. 138 n.6.

brought in contemplation of an independent action on the underlying guarantee rather than to enforce a foreign judgment, prior to the foreign judgment's having been obtained, as precluded by *Cahaly*. The plaintiff's unsigned complaint, which was attached to its application for a prejudgment remedy, alleged that the defendants had breached the terms of the personal guarantee and that the plaintiff was thereby injured and, as a result, sought damages, interest, attorney's fees and costs. Despite the plaintiff's inartful drafting of the complaint attached to its application, in which it unnecessarily referenced the Puerto Rico action and incorporated by reference its affidavit submitted in support of its application, the complaint plainly states that the prejudgment remedy was sought for a contemplated domestic action on the guarantee. Therefore, we cannot say that the court's decision constituted clear error.

Furthermore, although the defendants argue that the court did not fairly and fully hear this matter during the hearing on the application for a prejudgment remedy, there is no evidence in the record to support such a contention. "[A]n appellate court is entitled to presume that the trial court acted properly and considered all the evidence. . . . The [trial] court's role in . . . a hearing [on an application for a prejudgment remedy] is to determine probable success by weighing probabilities. . . . [T]his weighing process applies to both legal and factual issues." (Internal quotation marks omitted.) *Kosiorek* v. *Smigelski*, 112 Conn. App. 315, 324, 962 A.2d 880, cert. denied, 291 Conn. 903, 967 A.2d 113 (2009).

II

The defendants next claim that the court misapplied the law of the case doctrine with respect to the determination that the contemplated action supporting the plaintiff's application was an independent domestic

action rather than an action in aid of a pending foreign action. We disagree.

The law of the case doctrine provides that "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . [O]ne judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Citation omitted; internal quotation marks omitted.) *Signore* v. *Signore*, 110 Conn. App. 126, 133, 954 A.2d 245 (2008). Because application of the law of the case doctrine involves a question of law, our review is plenary. See *Detar* v. *Coast Venture XXVX, Inc.*, 91 Conn. App. 263, 266, 880 A.2d 180 (2005).

Judge Tobin denied the defendants' motion to dismiss on October 9, 2007. On June 2, 2008, in his memorandum of decision, Judge Downey stated that even though the issue addressed in *Cahaly* was raised again by the defendants during the probable cause hearing on the application for a prejudgment remedy, the law of the case had been established by Judge Tobin's decision denying the motion to dismiss. He concluded, therefore, that "that particular issue will not be revisited in this decision." The defendants argue, in essence, that because Judge Tobin's decision was incorrect, Judge Downey's subsequent application of the law of the case doctrine was improper. As we concluded in part I, Judge Tobin's decision did not constitute clear error, and, therefore, the issue was not incorrectly decided. Moreover, in this instance, there were no new or overriding

circumstances presented to Judge Downey, and we conclude that he permissibly treated Judge Tobin's ruling as the law of the case.

The judgment is affirmed.

In this opinion the other judges concurred.