TOTAL RECYCLING SERVICES OF CONNECTICUT, INC., ET AL. *v.* CONNECTICUT OIL RECYCLING SERVICES, LLC
(AC 29721)

Gruendel, Robinson and Peters, Js.

Argued November 17, 2008—officially released June 2, 2009

*William J. Sweeney, Jr.,* for the appellant (defendant).

*Jonathan J. Klein,* for the appellees (plaintiffs).

*Opinion*

PETERS, J. The law of contracts has long recognized that "[u]njust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract." (Internal quotation marks omitted.) *Vertex, Inc.* v. *Waterbury,* 278 Conn. 557, 573, 898 A.2d 178 (2006). In this case, a purchaser of goods and intangibles challenges the validity of a jury verdict holding it liable for damages for unjust enrichment despite a concurrent jury finding of breach of contract by the vendors. The purchaser also challenges the trial court's denial of its motion for attorney's fees. We affirm the court's acceptance of the jury verdict, but reverse its ruling with respect to attorney's fees.

In a four count complaint filed on October 19, 2006, the plaintiffs, Total Recycling Services of Connecticut, Inc. (Total Recycling), and Whitewing Environmental Corporation (Whitewing), brought an action to enforce their alleged rights under three contracts relating to the sale of an oil recycling business to the defendant, Connecticut Oil Recycling Services, LLC.[1] The plaintiffs sought damages either for breach of contract by the defendant or for unjust enrichment of the defendant, claiming nonpayment of amounts due. The defendant denied any liability to the plaintiffs and filed a five part counterclaim for damages resulting from the plaintiffs' alleged failure to honor their contractual and statutory obligations to the defendant.[2] The defendant also sought attorney's fees in accordance with the provisions of two of the contracts between the parties.

In special interrogatories submitted to the jury, the court asked the jury to make specific findings about the plaintiffs' right to recover damages either for breach of contract or for unjust enrichment. The court also asked the jury to make findings on the defendant's right to recover damages as alleged in the various counts of its counterclaim. None of the parties objected to the submission of these interrogatories to the jury.

In the responses to the interrogatories that are relevant to this appeal, the jury found:

---

[1] Total Recycling is a wholly owned subsidiary of Whitewing.

[2] Count one of the counterclaim alleged that certain assets sold by Total Recycling had been subject to liens, that certain customer lists improperly had been sold to a competitor of the defendant and that the plaintiffs had misappropriated certain checks. Count two alleged that the plaintiffs' conduct as described in the first count constituted a breach of the implied covenant of good faith and fair dealing. Count three alleged that the plaintiffs' conduct as described in the first count constituted an unfair trade practice in violation of General Statutes § 42-110a et seq. Count four alleged that the defendant was the assignee of a contract right for payment from Total Recycling. Count five alleged that the defendant was the assignee of another contract right for payment from Total Recycling. In response to counts four and five, Total Recycling denied its liability on those alleged contracts.

(1) Although neither Total Recycling nor the defendant fully performed its obligations under the two contracts between the parties, Total Recycling's partial performance resulted in the unjust enrichment of the defendant and entitled Total Recycling to recover damages of $63,130.70 and interest of $6313.07;[3]

(2) Although Whitewing did not fully perform its obligations under its contract with the defendant, Whitewing's partial performance resulted in the unjust enrichment of the defendant and entitled Whitewing to recover damages of $63,130.70 and interest of $6313.07;[4] and

(3) Although the plaintiffs' breach of the express terms of one of their agreements with the defendant

---

[3] In the jury's response to interrogatories relating to the first count of the plaintiffs' complaint alleging breach of contract, the jury found that Total Recycling did not "perform its obligation" under the "Asset Purchase Agreement (Equipment)" or under the "Asset Purchase Agreement (Good Will)." The jury also found that the defendant did not perform its obligation under these two contracts. Finally, the jury found that the plaintiff's recovery on count one was barred "in whole or in part by its breach of the Asset Purchase Agreement."

In the jury's response to interrogatories relating to the second count of the plaintiff's complaint, alleging unjust enrichment, the jury found that the defendant "was unjustly enriched at the expense of [Total Recycling]," that Total Recycling's recovery was not "barred, in whole or in part, by its breach of contract," and that Total Recycling was entitled to damages of $63,130.70 and interest of $6313.07.

[4] In the jury's response to interrogatories relating to the third count of the plaintiffs' complaint alleging breach of contract, the jury found that Whitewing had not "performed its obligation under its Non-Compete Agreement with [the defendant]," that the defendant had not "breached its agreement with Whitewing," that Whitewing's recovery for breach of contract was "barred in whole or in part by its own breach of the Non-Compete Agreement," and that Whitewing was not entitled to damages.

In the jury's response to interrogatories relating to the fourth count of the plaintiffs' complaint alleging unjust enrichment, the jury found that the defendant "has been unjustly enriched at the expense of Whitewing," that "Whitewing [was not] barred from recovery because of its own breach" and that Whitewing was entitled to damages of $63,130.70 and interest of $6313.07.

did not entitle the defendant to recover damages, their breach of the implied covenant of good faith and fair dealing in the contracts between Total Recycling and the defendant entitled the defendant to recover damages of $39,015 and interest of $3901.50.[5]

The trial court accepted the verdict of the jury and denied the defendant's motion to set aside the award of damages to the plaintiffs. The court also denied the defendant's motion for an award of attorney's fees. The defendant's appeal challenges both of these rulings.[6]

I

THE JURY VERDICT

The trial court's memorandum of decision denying the defendant's motion to set aside the verdict describes the relevant facts that the jury reasonably might have found in support of its answers to the interrogatories. These facts are largely undisputed.

The plaintiffs entered into three agreements for the sale of a waste oil recycling business to the defendant. In two asset purchase agreements, Total Recycling conveyed equipment to the defendant for an immediate payment of $100,000[7] and transferred its customer list

[5] In the jury's response to interrogatories relating to the first count of the defendant's counterclaim, the jury found that one or both of the plaintiffs "breached its agreement with [the defendant]," but nonetheless found that the defendant was not entitled to damages.

In the jury's response to interrogatories related to the second count of the defendant's counterclaim, the jury found that both plaintiffs "breached the implied covenant of good faith and fair dealing implied within the Asset Purchase Agreement," and that the defendant was entitled to damages of $39,015 and interest of $3901.50.

[6] The defendant has not challenged the court's acceptance of the jury's responses to interrogatories relating to the remaining counts of the defendant's counterclaim against the defendant.

[7] The plaintiffs concede that the defendant paid this part of the purchase price.

to the defendant in return for four years of future payments tied to the defendant's waste oil business.[8] At the same time, in a separate agreement with the defendant, for similar future payments, Whitewing promised to refrain from soliciting the defendant's customers and from competing with the defendant.

Both of the plaintiffs substantially performed their obligations under their contracts with the defendant. Total Recycling's sale of equipment to the defendant was, however, defective in part because three of the eleven vehicles transferred to the defendant were subject to liens held by the department of environmental protection.[9] During the time that these vehicles were unusable, the defendant incurred the cost of $39,015 for the rental of other equipment. Furthermore, although Total Recycling allegedly attempted to sell its customer list to a third party, the defendant introduced no evidence to show that the attempted sale caused it a loss of business or profits.

The defendant never made any of the payments related to the volume of its sales that were required by its agreements with the plaintiffs. There was evidence that the payments due from the defendant amounted to approximately $195,000.

In light of this factual record, the trial court denied the defendant's motion to set aside the jury verdict. It concluded that the evidence of the plaintiffs' substantial

---

[8] The defendant agreed to pay five cents per gallon of waste oil that it collected from customers for two years from July 1, 2004, to June 30, 2006, 12.5 percent of wholesale market oil pricing for oil collected from customers from July 1, 2006, through June 30, 2007, and 6.25 percent of the wholesale market oil pricing for oil collected from customers from July 1, 2007, though June 30, 2008.

[9] Both in the "Asset Purchase Agreement (Equipment)" and in the "Asset Purchase Agreement (Good Will)" between Total Recycling and the defendant, Total Recycling warranted that it had "good and marketable title . . . subject to no . . . lien" to the equipment that it sold to the defendant.

performance of their contractual obligations supported the jury's findings that the defendant had been unjustly enriched by the benefits conferred upon it by the assets, customer list and noncompete agreement it had received.[10]

In an appeal from a trial court's refusal of a motion to set aside a jury verdict, we "consider the evidence in the light most favorable to the prevailing party, according particular weight to the congruence of the judgment of the trial judge and the jury, who saw the witnesses and heard their testimony. . . . The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion." (Internal quotation marks omitted.) *Sutcliffe* v. *Fleet-Boston Financial Corp.*, 108 Conn. App. 799, 811, 950 A.2d 544 (2008).

In this appeal, the defendant does not challenge the accuracy of the trial court's recital of the facts that the jury reasonably might have found in support of its answers to the interrogatories. It maintains instead that the court improperly failed, as a matter of law, to grant its motion to set aside the jury verdict. In its view, because both plaintiffs had the right to pursue legal remedies for breach of contract, and because the jury found that both plaintiffs had breached the contract, they were barred from recovering under *any* claim for unjust enrichment. We disagree.

---

[10] In its memorandum of decision, the court opined that "[t]he court believes that the findings that the plaintiffs did not perform under the contracts were based on a misapplication of the law of contracts. The alleged breaches of contract by the plaintiffs were not material, and, therefore, did not constitute a failure to perform, which would deprive the plaintiffs of their right to recover under the contracts." The *plaintiffs*, however, never filed a motion to set the jury verdict aside. The court record indicates that the trial court did not address the doctrine of part performance in its charge to the jury.

We note at the outset that it is late in the day for the defendant to argue that there is a fundamental legal inconsistency between the jury's finding that the plaintiff had breached the contract and its award of damages for unjust enrichment. At trial, the defendant did not object to the court's instructions to the jury expressly authorizing a verdict for the plaintiffs either on their claims of breach of contract or on their claims of unjust enrichment. Similarly, at trial, the defendant did not object to the submission of jury interrogatories that expressly authorized the jury to consider both sets of claims by both plaintiffs.[11]

Even if the defendant's argument were properly before us, however, it is unpersuasive on its merits. The defendant argues that the present case is governed by *Meaney* v. *Connecticut Hospital Assn., Inc.*, 250 Conn. 500, 735 A.2d 813 (1999), in which our Supreme Court held that the terms of an express contract may preclude recognition of a claim of an implied contract. Id., 517. *Meaney* acknowledged the general principle that a "right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." (Internal quotation marks omitted.) Id., 511. The court nonetheless concluded that a former employee did not have a cognizable claim of unjust enrichment to recover incentive pay for his past services because of uncontested evidence that he had been unsuccessful in persuading his employer to include such compensation in his employment contract. Id., 522. As Professor E. Allan Farnsworth has observed, "a party that has made a contract with another cannot simply disregard the contract and claim restitution from the other party for performance rendered under the

---

[11] Indeed, even now the defendant has not challenged the validity of the jury instructions or the jury interrogatories.

contract." 1 E. Farnsworth, Contracts (3d Ed. 2004) § 2.20, pp. 191–92. The facts of this case, however, bear no resemblance to those at issue in *Meaney*.

The defendant's reliance on *Vertex, Inc. v. Waterbury*, supra, 278 Conn. 557, is equally misplaced. One of the issues in *Vertex, Inc.*, was whether the trial court had abused its discretion in dismissing two counts of the plaintiff's complaint in the absence of a motion to strike or a motion for summary judgment. Id., 566–70. In that context, the court, in a footnote, cited *Meaney* for the proposition that "proof of an operative contract would have been incompatible with recovery on an unjust enrichment theory." Id., 570 n.12. We do not read this footnote to expand the holding of *Meaney* beyond its facts.

We conclude, therefore, that the trial court properly denied the defendant's motion to set aside the verdict of the jury in favor of the plaintiffs. Like the trial court, we are persuaded that the jury's verdict was neither inconsistent with the evidence at trial nor contrary to law.

## II

## ATTORNEY'S FEES

In the defendant's motion for attorney's fees, it relied on the terms of the agreement to transfer Total Recycling's customer list and Whitewing's agreement not to compete. Each of these agreements entitled the defendant to recover "costs or damages, including reasonable attorney fees resulting from any breach of any representation, warranty or covenant contained in this Agreement."[12] The trial court concluded that these provisions were inapplicable because the jury had awarded

---

[12] Paragraph 14.2 of the Asset Purchase Agreement (Good Will) states: "Seller agrees to indemnify and hold Buyer harmless from any costs or damages, including reasonable attorney fees, resulting from any breach of any representation, warranty or covenant contained in this Agreement."

Paragraph 1.2 of the Non-Compete Agreement states: "[Whitewing] agree[s] to indemnify and hold [the defendant] harmless for any costs or

damages to the defendant only with respect to Total Recycling's breach of the agreement to convey equipment, which did *not* contain such a clause. The defendant does not challenge the court's characterization of the damages award that the jury made. It contends, however, that the court improperly failed to consider the significance of the jury's uncontested findings that the plaintiffs had breached their obligations in the two contracts that *did* contain such a clause. We agree with the defendant.

"It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 252–53, 828 A.2d 64 (2003).

The defendant maintains that the facts of record, as documented in the jury's responses to the jury interrogatories, establish that it was not reasonable for the trial court to have rejected, out of hand, its claim to an attorney's fee award. The plaintiffs have not challenged the jury's findings that Total Recycling breached the agreement to transfer its customer list and that Whitewing breached the agreement not to compete. The attorney's fee clauses in these contracts did not require the

---

damages, including reasonable attorney fees, resulting from any breach of any representation, warranty or covenant contained in this Agreement."

defendant to prove more than breach. As our Supreme Court held in *Storm Associates, Inc.* v. *Baumgold,* 186 Conn. 237, 245, 440 A.2d 306 (1982), in the absence of an applicable statute, a litigant "derives its right to recover an attorney's fee . . . from its contract and not from a claim for damages." We hold, therefore, that the trial court improperly held that the jury's verdict with respect to the equipment purchase agreement precluded the defendant's recovery of reasonable attorney's fees under the other two contracts between the parties.

It follows that we must remand this case for further proceedings in the trial court with respect to the defendant's claim for attorney's fees. The parties have not had the opportunity, to date, to address the proper construction of the clause, in both contracts, that permits the defendant, on a showing of the plaintiffs' breach, to recover "costs or damages, including reasonable attorney fees . . . ." It is, for example, not clear whether the phrase "including attorney fees" modifies both "costs" and "damages." "[W]here the text of an agreement reasonably allows for varying interpretations—whether by the inadvertence or design of the draftsman—the need for judicial construction cannot, and may not, be avoided." *Wards Co.* v. *Stamford Ridgeway Associates,* 761 F.2d 117, 120 (2d Cir. 1985). The parties similarly have not had the opportunity to present evidence on the reasonableness of the fees accrued by the defendant during the course of this litigation. A remand will provide an opportunity for the resolution of these issues and other related questions that the parties may want to present.

The judgment is reversed in part and the case is remanded to the trial court for a new hearing on the defendant's motion for attorney's fees.

In this opinion the other judges concurred.