# FARHAD MOASSER *v.* JAMES BECKER ET AL.
## (AC 31061)

DiPentima, Beach and Stoughton, Js.*

Argued March 11—officially released June 8, 2010

*Mark F. Katz,* for the appellant (defendant Judith Becker).

*Philip M. French,* for the appellee (plaintiff).

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Opinion*

PER CURIAM. The defendant Judith Becker[1] appeals from an award of postjudgment attorney's fees to the plaintiff, Farhad Moasser, issued after a remand from this court. On appeal, the defendant claims that the trial court (1) improperly interpreted the remand as an order that the fees were mandated, (2) improperly awarded fees against a party whose interest in the subject real property was not foreclosed, (3) improperly awarded fees pursuant to General Statutes §§ 52-350f and 52-400c and (4) erred in its calculation of the fees. We do not agree with any of these claims and, accordingly, affirm the judgment of the trial court.

This appeal is the latest episode in a lengthy effort by the plaintiff to collect on money judgments obtained against James Becker, the former husband of the defendant. The following procedural history and factual background, as set forth by this court; see *Moasser v. Becker*, 107 Conn. App. 130, 946 A.2d 230 (2008); is relevant to the defendant's claims. While James Becker and the defendant were married, the plaintiff recorded a series of judgment liens against James Becker's interest in certain real property he and the defendant jointly owned. In 1992, the plaintiff initiated an action to foreclose on those liens, and, after much litigation, a foreclosure by sale took place on November 13, 2004. By the time of the sale, the defendant was the sole owner of the equity of redemption in the real property at issue.[2]

---

[1] Also named as defendants in the underlying action were several encumbrancers of the real property that was the subject of the judgment liens and foreclosure sale that gave rise to this appeal. Because those encumbrancers are not parties to this appeal, we refer in this opinion to Judith Becker as the defendant.

[2] The marriage between James Becker and the defendant was dissolved in 1994, and he transferred his one-half interest in the property at issue to her in connection with their divorce. *Moasser v. Becker*, supra, 107 Conn. App. 133.

On July 12, 2006, the court ordered disbursement of the sale proceeds. The plaintiff thereafter appealed from that order, claiming, in part, that the court had improperly denied his request for an additional post-judgment attorney's fee award. Specifically, the plaintiff claimed that the court improperly determined that no statutory authority existed that would have justified such an award. This court reversed the portion of the judgment denying the plaintiff's request for postjudgment attorney's fees and remanded the case for further proceedings. See id., 139–40. In that opinion, we observed that we saw no reason why the statutory sections relied on by the plaintiff, namely, General Statutes §§ 52-350f, 52-400c and 52-249, would not authorize the attorney's fee award requested by the plaintiff were the court to have concluded that the plaintiff was so entitled upon a balancing of the equities. Id., 139. On remand, the court awarded the plaintiff $62,916.75 in attorney's fees. This appeal followed.

"[W]e review an award of attorney's fees under the abuse of discretion standard of review. This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *LaBossiere* v. *Jones*, 117 Conn. App. 211, 221–22, 979 A.2d 522 (2009).

We have carefully reviewed the entire record and the decision of the court, which was rendered orally. It is abundantly clear that the court, far from construing the remand as an order mandating a fee award, considered and balanced the equities in arriving at what it deemed

in the exercise of its discretion to be a fair and reasonable attorney's fee. Because the defendant was the sole owner of the equity of redemption in the foreclosed property and therefore received her former husband's interest subject to the encumbrances, the court determined that she should pay the attorney's fees out of her proceeds from that sale. The court found that portions of the award were due to delay and that portions were due because the underlying case was a foreclosure action and the defendant was the owner of the equity. The court also concluded that attorney's fees were awardable under all three statutes.

The defendant, however, did not request an articulation, and, as a consequence, we are unable to determine whether and to what extent the award was made under one or another or all three of the enumerated statutes authorizing fees. "It is a well established principle of appellate procedure that the appellant has the duty of providing this court with a record adequate to afford review." (Internal quotation marks omitted.) *DeLuca* v. *DeLuca*, 37 Conn. App. 586, 588, 657 A.2d 690 (1995). In this case, the court employed its own knowledge and experience and considered the record and submissions of counsel in deciding on a fee award that it deemed fair and reasonable. When the decision of the court does not make the factual predicates of its findings clear, we will, in the absence of a motion for articulation, assume that the court acted properly. Id.

After review of the record and briefs and our consideration of the arguments of counsel, we find no abuse of discretion on the part of the court in its award of postjudgment attorney's fees.

The judgment is affirmed.