TOTAL RECYCLING SERVICES OF CONNECTICUT, INC., ET AL. *v.* CONNECTICUT OIL RECYCLING SERVICES, LLC
(AC 32243)

Beach, Alvord and Schaller, Js.

Argued February 3—officially released June 7, 2011

*William J. Sweeney,* for the appellant (defendant).

*Jonathan J. Klein,* for the appellees (plaintiffs).

SCHALLER, J. The defendant, Connecticut Oil Recycling Services, LLC, appeals from the judgment of the trial court denying its motion for attorney's fees, rendered on remand following the decision of this court in *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, 114 Conn. App. 671, 970 A.2d 807 (2009). On appeal, the defendant claims that the court abused its discretion by (1) requiring it to itemize attorney's fees incurred for the litigation on three contracts and (2) denying appellate attorney's fees for its prior appeal. We affirm the judgment of the trial court.[1]

The following relevant facts and procedural history were described by this court in *Total Recycling Services of Connecticut, Inc.* "In a four count complaint filed on October 19, 2006, the plaintiffs, Total Recycling Services of Connecticut, Inc. (Total Recycling), and Whitewing Environmental Corp. (Whitewing), brought an action to enforce their alleged rights under three contracts relating to the sale of an oil recycling business to the defendant . . . . The plaintiffs sought damages either for breach of contract by the defendant or for unjust enrichment of the defendant, claiming nonpayment of amounts due. The defendant denied any liability to the plaintiffs and filed a five part counterclaim for damages resulting from the plaintiffs' alleged failure to honor their contractual and statutory obligations to the defendant. The defendant also sought attorney's fees in accordance with the provisions of two of the contracts between the parties." *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, supra, 114 Conn. App. 673.

---

[1] The defendant also claims that the court improperly failed to consider the reasonableness of the defendant's requested attorney's fees and did not apply the factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). We do not reach these issues because we affirm the court's denial of an award of attorney's fees.

"In the defendant's motion for attorney's fees, it relied on the terms of the agreement to transfer Total Recycling's customer list and Whitewing's agreement not to compete. Each of these agreements entitled the defendant to recover 'costs or damages, including reasonable attorney fees resulting from any breach of any representation, warranty or covenant contained in this Agreement.' The trial court concluded that these provisions were inapplicable because the jury had awarded damages to the defendant only with respect to Total Recycling's breach of the agreement to convey equipment, which did not contain such a clause." Id., 679–80. This court disagreed and, noting that the plaintiffs had "not challenged the jury's findings that Total Recycling breached the agreement to transfer its customer list and that Whitewing breached the agreement not to compete"; id., 680; held that "[t]he attorney's fee clauses in these contracts did not require the defendant to prove more than breach." Id., 680–81.

This court remanded the case for further proceedings on the defendant's claim for attorney's fees, holding that "[t]he parties have not had the opportunity, to date, to address the proper construction of the clause, in both contracts, that permits the defendant, on a showing of the plaintiffs' breach, to recover 'costs or damages, including reasonable attorney fees . . . .' It is, for example, not clear whether the phrase 'including attorney fees' modifies both 'costs' and 'damages.' . . . The parties similarly have not had the opportunity to present evidence on the reasonableness of the fees accrued by the defendant during the course of this litigation. A remand will provide an opportunity for the resolution of these issues and other related questions that the parties may want to present." Id., 681.

Following the remand, the defendant filed a motion for attorney's fees with the trial court. The defendant attached to the motion an affidavit and itemized list of

attorney's fees incurred in the course of the litigation. The list did not distinguish the items of work on the separate contracts with respect to which the defendant successfully counterclaimed. By memorandum of decision filed November 30, 2009, the court, *Jones, J.,* refused to award any fees to the defendant because it concluded that it was "necessary for the defendant to identify which reasonable attorney's fees were incurred in prosecuting its breach of contract counterclaim with regard to the contracts that specifically provide for attorney's fees."[2] The court allowed the defendant the opportunity to make the requisite showing at a future hearing.

The defendant filed a renewed motion for attorney's fees, attaching the same affidavit and list of attorney's fees incurred. On March 29, 2010, the court, *Bear, J.,* held an evidentiary hearing, during which the defendant presented the testimony of an expert witness, William Gallagher, a trial attorney with many years of experience. Gallagher testified that it would be "extremely difficult" to sort out the attorney's fees based on the billing in the file because "no one itemized, and that's not the custom to itemize in that great detail." Gallagher also testified that he believed that a decision of this court, *Heller* v. *D. W. Fish Realty Co.,* 93 Conn. App. 727, 890 A.2d 113 (2006), allows for fees in any case where "services are intertwined in such a way that it's not possible to sort them out . . . ."

Gallagher's testimony was the only testimony heard by the court, but the attorneys for both parties made arguments to the court. The defendant's attorney argued that he could not parse out his time spent on the three contracts and he does not keep track of his

---

[2] The court also addressed the first issue on remand, concluding that the phrase "including reasonable attorney's fee(s)" in the relevant contracts modified both costs and damages.

time in that manner. The plaintiffs argued that the defendant failed to satisfy the November 30, 2009 order.

On April 19, 2010, the court denied the defendant's motion for attorney's fees. The court held that the order requiring the defendant to identify the fees associated with the litigation of the two contracts providing for fees was the law of the case. The court also held that *Jacques All Trades Corp.* v. *Brown*, 57 Conn. App. 189, 200, 752 A.2d 1098 (2000), governed in the present case, preventing the defendant from recovering all fees. The defendant has appealed.

"[W]e review an award of attorney's fees under the abuse of discretion standard of review. This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Moasser* v. *Becker*, 121 Conn. App. 593, 595, 996 A.2d 1200 (2010).

I

The defendant first claims that the court improperly refused to grant the defendant's motion for attorney's fees on the basis that it had not identified which attorney's fees were incurred in litigation of the contracts that allowed for such fees.[3] The defendant argues that

[3] At the March 29, 2010 hearing, the defendant also argued that it was not required to distinguish between fees incurred prosecuting the successful breach of contract claims and defending the plaintiffs' unsuccessful breach of contract claims. In its brief to this court, the defendant cites case law supporting that argument, but we do not reach this issue because the trial court did not address it.

the court should not have applied the law of the case doctrine and that *Heller*, rather than *Jacques All Trades Corp.*, governs the outcome of this case. We disagree.

"The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Internal quotation marks omitted.) *ACMAT Corp.* v. *Greater New York Mutual Ins. Co.*, 282 Conn. 576, 582, 923 A.2d 697 (2007).

In *Jacques All Trades Corp.* v. *Brown*, supra, 57 Conn. App. 192, the plaintiff brought breach of contract claims based on two separate and distinct transactions. The defendant successfully brought a counterclaim for breach under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., arising out of one of the contracts. Id., 193. The defendant argued that she was entitled to "*all* attorney's fees incurred in the defense of [the plaintiff's] action and the prosecution of her counterclaim, relying on [General Statutes] § 42-110g (d) . . . ." (Emphasis in original.) Id., 200. This court upheld the trial court's ruling that the defendant was entitled to recover only the fees incurred for the prosecution of her CUTPA claim because § 42-110g (d) allows for the court to award attorney's fees "only for those expenses that were related to the prosecution of a CUTPA claim." Id.

In *Heller* v. *D. W. Fish Realty Co.*, supra, 93 Conn. App. 727, the plaintiffs brought claims of breach of contract, negligence and violation of CUTPA for damages arising out of a real estate transaction. The plaintiffs were successful on all claims. Id., 730.

Subsequently, "[t]he [trial] court ordered the plaintiffs to submit evidence as to the portion of the fees requested specifically related to the CUTPA [claim] . . . . The plaintiffs, however, could not distinguish the amount of attorney's fees related to their CUTPA claim from the amounts related to their breach of contract and negligence claims." (Internal quotation marks omitted.) Id., 735. The court denied the plaintiffs' motion for attorney's fees brought under § 42-110g (d). This court, relying on the decision in *Jacques All Trades Corp.* v. *Brown*, supra, 57 Conn. App. 200, reversed the judgment of the trial court because "the plaintiffs' breach of contract and negligence claims were related to their CUTPA claim because they depended on the same facts. As we stated in *Jacques All Trades Corp.*, § 42-110g (d) encompasses 'claims related to the prosecution of a CUTPA claim'; id.; not only one claim explicitly labeled as a CUTPA claim." *Heller* v. *D. W. Fish Realty Co.*, supra, 735.

The defendant in the present case reasons that under *Heller*, all related claims become eligible for attorney's fees where a statutory or contractual provision provides for such fees. The defendant argues that where litigation arises out of the same transaction and the same set of facts, it is not practical to distinguish the fees incurred for such related claims. We do not read *Heller* so broadly. The holding in *Heller* relies on the court's conclusion in *Jacques All Trades Corp.* that only claims related to a CUTPA claim could be eligible for attorney's fees under § 42-110g (d). Id. Neither *Heller* nor *Jacques All Trades Corp.* stands for the general proposition that where a party is entitled to attorney's fees, whether by statute or by contract, fees incurred for litigating any and all related claims may be recoverable by the litigant.[4]

[4] Under the reasoning in the concurrence, the defendant would have been allowed to recover fees for all related claims if it could prove that it was not practicable to separate the fees. The reasoning in *Heller*, however, does

The defendant also argues that the pleadings do not distinguish between the separate contracts. We note, however, that despite the form of the pleadings, the interrogatories to the jury enabled the jury to find in favor of the defendant on one or more of the breach of contract claims, but find in favor of the plaintiffs on one or more of the others. Following the defendant's logic, it would appear that the court could award attorney's fees for all of the contracts, even if the defendant had been unsuccessful on one or more of its claims. Our case law cannot be read to suggest that it would be reasonable for a court to award attorney's fees to a losing party, even if the claims were related to a separate successful claim that did provide for attorney's fees.

Finally, the defendant argues that the court improperly followed the law of the case doctrine. "The law of the case doctrine provides that [w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . [O]ne judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law. . . . Because application of the law of the case doctrine involves a question of law, our

---

not require proof that the fees were not separable, nor does it require such a finding by the trial court; rather, *Heller* allows for fees to be recovered based on the interrelatedness of the claims. The language in *Heller* also provides no test for determining whether claims are so intertwined as to allow fees. Although the practicability test suggested in the concurrence could be a limiting factor, applying *Heller* to contractual fee awards could greatly expand the number of cases where fees could be awarded.

review is plenary." (Citation omitted; internal quotation marks omitted.) *General Electric Capital Corp. of Puerto Rico* v. *Rizvi*, 113 Conn. App. 673, 681, 971 A.2d 41 (2009).

The defendant argues that the court abused its discretion by relying on the law of the case doctrine to decide a legal issue. Our case law is clear, however, that while the court might subsequently change an interlocutory legal conclusion, it is not required to rule anew upon legal issues that have already been decided. In the present case, because we conclude that the legal issue in question was decided correctly, we cannot conclude that the court abused its discretion in relying on the law of the case.

II

The defendant next claims that the court abused its discretion in failing to award appellate attorney's fees. Based on our resolution of the first claim in part I of this opinion, we need not reach the question of whether appellate fees would properly have been awarded, because we affirm the judgment that attorney's fees were properly denied. Although the defendant did provide a breakdown between trial and appellate fees, this breakdown also did not identify, as ordered by the court, which fees were incurred with respect to the contracts that provided for such fees.

The judgment is affirmed.

In this opinion BEACH, J., concurred in the result.

BEACH, J., concurring in the result. I respectfully concur in the result reached in the majority opinion. I believe that although the cases of *Heller* v. *D. W. Fish Realty Co.*, 93 Conn. App. 727, 890 A.2d 113 (2006), and *Jacques All Trades Corp.* v. *Brown*, 57 Conn. App. 189, 752 A.2d 1098 (2000), arose in the context of claims

for attorney's fees pursuant to the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., their reasoning applies with equal force to claims for attorney's fees pursuant to contractual provisions. If an attorney's time and effort practicably can be allocated between two contracts, one which is subject to contractual attorney's fees and one which is not, then the time should be so allocated. If no allocation is practicable under the circumstances of the case, then a reasonable attorney's fee should be awarded without division between the contracts. The principle is sensible and no authority to the contrary has been presented.

The issue of practicable allocation is one of fact for the trial court. In light of its orders, the trial court in this case presumably decided that the total time could be allocated between the contracts. The record is silent on the precise matter, but the ruling clearly reflects such an understanding. When the record is silent, we do not presume error. The court was not bound to credit any particular testimony, expert or otherwise. Because the record does not show that the trial court could not reasonably have reached its result, I agree with the majority that the judgment of the trial court should be affirmed.

ALVORD, J., dissenting. Although the majority acknowledges that the defendant, Connecticut Oil Recycling Services, LLC, is contractually entitled to recover attorney's fees in this action, it affirms the trial court's judgment that did not award any of the requested fees. Because I believe that *Heller* v. *D. W. Fish Realty Co.*, 93 Conn. App. 727, 890 A.2d 113 (2006), is applicable to the facts of this case, I respectfully dissent.

The majority opinion sets forth the facts and procedural history of this action. The following additional facts and procedural history, however, also are relevant to the issues on appeal. To simplify, the plaintiffs, Total

Recycling Services of Connecticut, Inc. (Total Recycling), and Whitewing Environmental Corp. (Whitewing), alleged in their complaint: (1) breach of the asset purchase agreement with respect to equipment, (2) breach of the asset purchase agreement with respect to goodwill and (3) breach of the noncompetition agreement. Of the three contracts, only the asset purchase agreement with respect to equipment did not contain a provision for the recovery of attorney's fees. The three contracts all related to the sale of a recycling business by Total Recycling to the defendant. *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, 114 Conn. App. 671, 673, 970 A.2d 807 (2009).

In the plaintiffs' complaint, they treated the first two contracts, only one of which provided for attorney's fees, as inseparable by combining the allegations of the defendant's breach of those contracts in one count. The complaint alleged that Total Recycling "performed its obligations under the two asset purchase agreements" and that the defendant "breached the asset purchase agreements . . . ." There is a separate count alleging that the defendant breached the noncompetition agreement with the parent company plaintiff, Whitewing, which agreement likewise had a clause providing for attorney's fees. The plaintiffs never amended their original complaint.

In addition to the plaintiffs treating the contracts as parts of a single transaction, the defendant consistently referred to the agreements as being related in its answer to the plaintiffs' complaint and in its five count counterclaim. In its counterclaim, the defendant alleged: "The three agreements referenced above (collectively the 'Agreements') in combination, constituted a single transaction pursuant to which [the defendant] purchased the used oil collection and delivery business from Total [Recycling] and Whitewing."

After this court reversed the trial court on the issue of attorney's fees; *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, supra, 114 Conn. App. 681; the defendant filed its motion for attorney's fees with the trial court. The court, *Jones, J.*, issued a memorandum of decision on November 30, 2009, in which it stated that "it is necessary for the defendant to identify which reasonable attorney's fees were incurred in prosecuting its breach of contract counterclaim with regard to the contracts that specifically provide for attorney's fees." A hearing eventually was scheduled for March 29, 2010. More than two months prior to the scheduled hearing, in direct response to Judge Jones' directive, the defendant filed a renewed motion for attorney's fees and a supporting memorandum.[1] In the supporting memorandum, the defendant claimed that *all* of the attorney's fees in the affidavit and itemized statement were incurred in prosecuting its breach of contract counterclaim with regard to the contracts that specifically provide for attorney's fees. It cited *Heller* v. *D. W. Fish Realty Co.*, supra, 93 Conn. App. 735–36, in support of its argument that all reasonable fees were recoverable because the legal services provided could not be allocated among the three contracts under the factual circumstances of this case.

[1] Although the plaintiffs claimed that the defendant ignored Judge Jones' directive and simply waited until the hearing to challenge that directive, the record belies that argument. Months before the hearing, the defendant argued the applicability of *Heller* v. *D. W. Fish Realty Co.*, supra, 93 Conn. App. 727, to its claim for attorney's fees in its memorandum. Judge Jones "invited" the defendant to identify which fees could be claimed with respect to the two contracts that provided for attorney's fees, and the defendant responded that all of the fees were incurred in the defense of the breach of contract claims relating to those two contracts. As the defendant's counsel stated at the hearing on March 29, 2010: "I thought Judge Jones' opinion pretty much left things wide open for me to put on whatever evidence I thought was appropriate in order to support this. So, please don't consider anything we've done here as an intention to disagree with the court in the sense of, I think it was left pretty wide open and I'm just putting on the evidence I think is appropriate."

The plaintiffs filed a brief in opposition to the defendant's request for attorney's fees.

At the hearing on March 29, 2010, William Gallagher testified as an expert witness for the defendant. Gallagher, an attorney for forty-seven years with extensive experience in this state's trial and appellate courts, testified that he had reviewed the materials relating to this action, including the defendant's motion for attorney's fees and the time records attached to counsel's affidavit. According to Gallagher, who has been involved in similar commercial cases claiming breach of contract, there was no way to separate the fees relating to the plaintiffs' claimed breach of the agreements from those fees incurred in connection with the prosecution of the defendant's counterclaim involving the same breach.

Gallagher testified: "The fact is that where you're basically in the defense of the case proving your cause of action or claim for attorney's fees because all three contracts were breached and there only two of them had attorney's fees provisions, but to sort it out, I find it that you can't.

"Then I think there's authority for that supported in the *Heller* case, which was a CUTPA [Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.] case. This was a common problem and especially in CUTPA, but basically *Heller* held that where the services are intertwined in such a way that it's not possible to sort them out, that the court ought to allow all of them. In that case, the trial court didn't and the Appellate Court reversed. That's the case closest to this circumstance that I found." He also testified that it is not customary for attorneys to itemize their services in the detail that would have been required to allocate the fees incurred among the three separate contracts, particularly when those contracts were tied to one transaction involving the sale of a business.

After Gallagher's testimony, counsel presented oral argument. Counsel for the defendant, who also was counsel during the trial proceedings, stated: "With respect to the issue about being able to keep time records or to allocate time in a case of this nature where we have a business transaction, one business transaction, that within that business transaction had three separate contracts, one for assets, one for goodwill, and then from the parent company, the customer list.

"It's impossible to try to quantify time spent between each part, it was all part of one transaction, it was all— there were parts to it, no question about it, there were certain witnesses that testified about parts of this and parts of that. But to somehow separate it all out is next to impossible.

"But more importantly, I think that given the language in *Heller*, which talks in terms of that . . . if the claim is personal, or essentially the same transaction or where facts are inextricably connected or intertwined, I mean, this is a classic case for that."

I agree that the holding in *Heller* v. *D. W. Fish Realty Co.*, supra, 93 Conn. App. 727, is applicable to the facts of this case. In *Heller*, the plaintiffs could not distinguish the amount of attorney's fees related to their CUTPA claim from the amounts related to their breach of contract and negligence claims. We concluded that the plaintiffs were not required to apportion their attorney's fees among their claims because "they depended on the same facts." Id., 735. In the present case, there was expert testimony that the claims were interrelated and the contracts were all part of one transaction. There was no expert testimony to the contrary.[2]

---

[2] The majority notes that "the interrogatories to the jury enabled the jury to find in favor of the defendant on one or more of the breach of contract claims, but find in favor of the plaintiffs on one or more of the others." The fact is, however, that the jury found that the plaintiffs had breached all three contracts, lending further support to the claim that the three contracts were inextricably connected or intertwined.

I also would conclude that the defendant is entitled to reasonable appellate attorney's fees.[3] There is no appellate case law addressing the award of appellate counsel fees when the entitlement to those fees is contractual rather than statutory. Nevertheless, the rationale in *Gagne* v. *Vaccaro*, 118 Conn. App. 367, 984 A.2d 1084 (2009), persuades me that the recovery of appellate attorney's fees would be permitted in the discretion of the court if the language in the contract provides for their recovery.

"The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Internal quotation marks omitted.) *ACMAT Corp.* v. *Greater New York Mutual Ins. Co.*, 282 Conn. 576, 582, 923 A.2d 697 (2007).

In the present case, the authority for an award of attorney's fees is found in the two contracts at issue. It is, therefore, necessary to interpret the language in the contracts. "The standard of review for the issue of contract interpretation is well established. When, as here, there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . Accordingly, our review is plenary." (Internal quotation marks omitted.) *Genua* v. *Logan*, 118 Conn. App. 270, 273, 982 A.2d 1125 (2009).

---

[3] The majority did not need to reach this issue in light of its conclusion that the court properly denied the attorney's fees incurred in connection with the trial proceedings in this case.

Paragraph 14.2 of the asset purchase agreement with respect to goodwill provides: "Seller agrees to indemnify and hold Buyer harmless from any costs or damages, including reasonable attorney fees, resulting from any breach of any representation, warranty or covenant contained in this Agreement." Paragraph 1.2 of the noncompetition agreement provides: "[Whitewing] agree[s] to indemnify and hold [the defendant] harmless for any costs or damages, including reasonable attorney fees, resulting from any breach of any representation, warranty or covenant contained in this Agreement." It is clear from the language in the contracts that the fees are not limited to trial proceedings.

In *Gagne* v. *Vaccaro*, supra, 118 Conn. App. 371, this court concluded that appellate attorney's fees were allowed by General Statutes § 52-249 even though the statute did not specifically provide for their recovery. The statutory language clearly provided for the recovery of attorney's fees in actions for the foreclosure of mortgages and liens, and we held that the provision extended to attorney's fees incurred on appeal as well as at the trial level. Id. I would conclude that the contractual language in the present case, which provides the basis for the recovery of attorney's fees and does not limit that recovery to proceedings at the trial level, extends to the recovery of reasonable attorney's fees incurred on appeal.

For those reasons, I conclude that the court abused its discretion in failing to award reasonable attorney's fees because it did not correctly apply the law; *Heller* v. *D. W. Fish Realty Co.*, supra, 93 Conn. App. 727; and could not reasonably have reached the conclusion that it did. See *Moasser* v. *Becker*, 121 Conn. App. 593, 595, 996 A.2d 1200 (2010). Accordingly, I would reverse the judgment and remand the case for a hearing regarding the appropriate amount of attorney's fees.