## J. WILLIAM GAGNE, JR. *v.* ENRICO VACCARO
### (AC 30427)

Bishop, Alvord and Dupont, Js.

Argued October 16—officially released December 8, 2009

*Eugene A. Skowronski*, for the appellant (defendant).

*Peter A. Ventre*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. In this foreclosure action, the defendant, Enrico Vaccaro, appeals challenging the trial court's award of appellate attorney's fees, pursuant to General Statutes § 52-249, to the plaintiff, J. William Gagne, Jr. On appeal, the defendant claims that § 52-249 does not authorize appellate attorney's fees, and, even if it does, the amount of fees awarded was unreasonable. Although we conclude that § 52-249 does authorize an award of appellate attorney's fees, because the court improperly denied the defendant an evidentiary hearing to challenge the reasonableness of the fees, we affirm in part and reverse in part the judgment of the trial court.

The following factual and procedural background is relevant to the resolution of the defendant's appeal. The plaintiff sought to foreclose a judgment lien on certain property owned by the defendant. On July 26, 2006, the court rendered judgment of strict foreclosure of the plaintiff's lien. The defendant subsequently filed an appeal from the judgment of strict foreclosure, and this court affirmed the judgment of the trial court. See *Gagne* v. *Vaccaro*, 107 Conn. App. 905, 945 A.2d 1071 (2008).

On May 28, 2008, the plaintiff filed a motion for appellate attorney's fees incurred in defending the defendant's appeal. The plaintiff's motion was accompanied by an affidavit delineating the fees requested. On September 3, 2008, the court granted the motion for appellate attorney's fees in the amount of $16,980. The court did not issue a memorandum of decision but noted that "no objection was raised as to the reasonableness of the fees requested." The court subsequently denied the defendant's motion to reargue and for reconsideration. In doing so, the court stated that the defendant had failed to specify what he was objecting to, in terms of the charges listed in the plaintiff's affidavit of attorney's fees, and stated that it found the charges reasonable. This appeal followed.

On appeal, the defendant first claims that the court did not have the authority to award appellate attorney's fees in a foreclosure action pursuant to § 52-249. We disagree.

"The question of whether a particular statute . . . applies to a given state of facts is a question of statutory interpretation . . . . Statutory interpretation presents a question of law for the court. . . . Our review is, therefore, plenary." (Internal quotation marks omitted.) *Russo Roofing, Inc.* v. *Rottman,* 86 Conn. App. 767, 775, 863 A.2d 713 (2005).[1]

Connecticut case law follows the general rule, frequently referred to as the "American Rule," that attorney's fees are not allowed to the prevailing party as an

---

[1] The plaintiff argues that because the record does not contain a memorandum of decision or a signed transcript of an oral decision by the court, the record is inadequate for review of this claim. When we are confronted with a question of law, however, and the facts are not disputed, the precise legal analysis undertaken by the trial court is not essential to this court's review of the issue on appeal. See *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.,* 254 Conn. 387, 395–96, 757 A.2d 1074 (2000). Thus, we will review the defendant's legal claim.

element of damages unless such recovery is allowed by statute or contract. *Marsh, Day & Calhoun* v. *Solomon*, 204 Conn. 639, 652–53, 529 A.2d 702 (1987). Section 52-249 (a) provides in relevant part: "The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. . . ." Section 52-249 (a) has been construed as "succinctly and unambiguously" providing "for the allowance of attorney's fees in actions for foreclosure of mortgages or liens." (Internal quotation marks omitted.) *Original Grasso Construction Co.* v. *Shepherd*, 70 Conn. App. 404, 418, 799 A.2d 1083, cert. denied, 261 Conn. 932, 806 A.2d 1065 (2002).

Although § 52-249 provides for attorney's fees in foreclosure actions, it does not specifically provide for appellate attorney's fees. We find guidance, however, in decisions regarding other statutes that do not specifically provide for appellate attorney's fees. See, e.g., *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 922 A.2d 1056 (2007) (appellate attorney's fees permitted in "action" on consumer contract under General Statutes § 42-150bb); *Miller* v. *Kirshner*, 225 Conn. 185, 621 A.2d 1326 (1993) (appellate attorney's fees allowable under General Statutes § 46b-171 in paternity "suit"); *Tracey* v. *Tracey*, 97 Conn. App. 278, 903 A.2d 679 (2006) (appellate attorney's fees permitted in marital dissolution actions pursuant to General Statutes § 46b-62); *Crowther* v. *Gerber Garment Technology, Inc.*, 8 Conn. App. 254, 513 A.2d 144 (1986) (appellate attorney's fees allowable under General Statutes § 31-72 in "civil action" to collect wages); *Conservation Commission* v. *Price*, 5 Conn. App. 70, 496 A.2d 982 (1985) (use of term "action" in General Statutes

§ 22a-44 construed to allow attorney's fees incurred both at trial and on appeal). Section 52-249 provides for attorney's fees in a foreclosure "action." Consistent with the cases cited previously, we construe the provision for attorney's fees in § 52-249 as extending to attorney's fees incurred on appeal as well as at the trial level.

The defendant contended in his supplemental objection to the plaintiff's motion for appellate attorney's fees that the phrase "upon obtaining judgment of foreclosure" contained in § 52-249 indicates that the fees are tied to the time of judgment and, therefore, cannot be interpreted as permitting appellate attorney's fees. We view that phrase, however, not as a temporal limitation but merely a condition for obtaining such an award. In other words, the plaintiff must obtain a judgment in its favor to be entitled to counsel fees. Accordingly, we conclude that because § 52-249 provides for attorney's fees in a foreclosure "action" and does not restrict the award to fees incurred at trial, the court had the authority to award appellate attorney's fees pursuant to § 52-249.

We now turn to the defendant's second claim, which is that the court improperly determined that the fees claimed by the plaintiff were reasonable. "A trial court's decision to award attorney's fees is reviewable for abuse of discretion. . . . [When determining] reasonableness of requested attorney's fees . . . more than [a] trial court's mere general knowledge is required for an award of attorney's fees. . . . The burden of showing reasonableness rests on the party requesting the fees, and there is an undisputed requirement that the reasonableness of attorney's fees and costs must be proven by an appropriate evidentiary showing. . . . [T]here must be a clearly stated and described factual predicate for the fees sought, apart from the trial court's general knowledge of what constitutes a reasonable fee. . . . That factual predicate must include a statement of

the fees requested and a description of services rendered." (Citations omitted; internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Sullivan,* 285 Conn. 208, 237–38, 939 A.2d 541 (2008).

"[T]he right to litigate fully the reasonableness of attorney's fees entitles the opposing party to question under oath a billing attorney who has submitted an affidavit in support of the requested fees, in order to challenge the reasonableness of those fees. This rule will ensure that the party opposing the requested fees has available to it the most fair and efficient means of challenging those fees, that is, questioning under oath the very person on whom the court relies in assessing the fees, the billing attorney. It is not a sufficient substitute to limit the opposing party to filing opposing affidavits or calling expert witnesses. Allowing the challenging party this right will also aid the court in making its determination regarding the reasonableness of those fees. It would be inconsistent with the placement of the burden on the requesting party . . . that an opposing party should have the right to litigate fully the issue of reasonableness, to allow the requesting party to present an affidavit by the billing attorney in support of the reasonableness of the requested fees, without allowing the opposing party to test that evidence by questioning the affiant under oath." Id., 239.

Here, in support of his claim for attorney's fees, the plaintiff submitted an affidavit claiming that his attorney spent 84.9 hours on his case, at a rate of $200 per hour. The defendant filed an objection on June 16, 2008, in which he challenged only the legal authority for such an award, not the reasonableness of the fees claimed by the plaintiff. On June 24, 2008, however, the court held a hearing on the issue of fees at which the defendant indicated that he was challenging the reasonableness of the fees and sought to examine the plaintiff's

counsel as to the fees claimed. The court refused to permit such an examination because the defendant had not raised this claim in his written objection, and the late claim appeared to the court to be a delay tactic by the defendant. The court, however, allowed the defendant to file an additional memorandum of law in opposition to the plaintiff's motion for attorney's fees in which he could challenge the reasonableness of the fees claimed by the plaintiff. On July 24, 2008, the defendant filed his supplemental objection to the plaintiff's motion for appellate attorney's fees in which he reiterated the arguments he made in his initial objection and, again, asked for an evidentiary hearing as to the reasonableness of the fees. The court granted the plaintiff's motion for appellate attorney's fees without further hearing.

On the basis of the court's ruling in *Commission on Human Rights & Opportunities* v. *Sullivan*, supra, 285 Conn. 208, the defendant should have been afforded an evidentiary hearing to challenge the reasonableness of the fees being sought by the plaintiff. Although such a request should have been included in the defendant's initial objection to the motion for fees, the defendant asked the court for an evidentiary hearing twice prior to the court's ruling. The denial of those requests deprived the defendant of his right to litigate fully the reasonableness of the fees.

The judgment is reversed with respect to the award of appellate attorney's fees only, and the case is remanded with direction to conduct an evidentiary hearing as to the reasonableness of the plaintiff's requested attorney's fees. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.