### J. WILLIAM GAGNE, JR. *v.* ENRICO VACCARO
### (AC 32247)
### (AC 32830)

Gruendel, Robinson and Borden, Js.

Argued November 14, 2011—officially released February 7, 2012

432

*Eugene A. Skowronski*, for the appellant (defendant).

*Peter A. Ventre*, for the appellee (plaintiff).

*Opinion*

BORDEN, J. In this consolidated appeal, the defendant, Enrico Vaccaro, appeals from an April 14, 2010

judgment in which the trial court awarded the plaintiff, J. William Gagne, Jr., attorney's fees, and from a September 30, 2010 judgment in which the court found the defendant in contempt. On appeal, the defendant claims that the court improperly (1) failed to recuse itself as required by General Statutes § 51-183c,[1] (2) denied discovery as to attorney's fees, (3) imposed interest and (4) held the defendant in contempt without a hearing. We agree with the defendant in regard to his first claim and, accordingly, reverse the judgments of the trial court.[2]

This appeal has a very lengthy and complicated genealogy. In 2005, the plaintiff commenced the underlying action seeking foreclosure of a judgment lien held against property owned by the defendant. The plaintiff obtained the judgment lien as the result of a protracted dispute between the parties as to the plaintiff's entitlement to attorney's fees from a separate action. See *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 438–39, 835 A.2d 491 (2003), cert. denied, 268 Conn. 290, 846 A.2d 881 (2004).

On May 5, 2005, the defendant filed an answer, special defenses and a counterclaim. The plaintiff filed a motion for summary judgment as to liability only, which the court granted. On December 21, 2005, the defendant appealed from the summary judgment, but the appeal was dismissed both for lack of a final judgment and

---

[1] General Statutes § 51-183c provides: "No judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. No judge of any court who presided over any jury trial, either in a civil or criminal case, in which a new trial is granted, may again preside at the trial of the case."

[2] Because we agree with the defendant's first claim, we need not reach the merits of his subsequent claims. The defendant's other claims all emanate from rulings that resulted from the same trial court improperly presiding over the motion for appellate attorney's fees on remand. By way of relief, a different trial judge necessarily will hear the plaintiff's motion for appellate attorney's fees, discovery objections and motion for contempt.

because the defendant's appeal as to his counterclaim was frivolous. Our Supreme Court denied the defendant's petition for certification to appeal. See *Gagne* v. *Vaccaro*, 278 Conn. 924, 901 A.2d 1220 (2006).

On May 31, 2006, the plaintiff filed a motion for appellate attorney's fees incurred in connection with the first appeal. On July 14, 2006, the plaintiff filed a preemptive motion to terminate any appellate stay that might arise if the defendant filed another appeal, arguing that any appeal would be without merit and merely for purposes of delay. On July 26, 2006, the court granted the motion to terminate a stay, rendered a judgment of strict foreclosure on the plaintiff's judgment lien, and awarded the plaintiff attorney's fees for the defendant's first appeal and for the foreclosure. On August 10, 2006, the defendant filed a motion to reargue and for reconsideration, which the court denied on August 14, 2006.

The defendant filed a second appeal on August 30, 2006, from the judgment of strict foreclosure. On April 29, 2008, this court affirmed the trial court's judgment. See *Gagne* v. *Vaccaro*, 107 Conn. App. 905, 945 A.2d 1071 (2008). On May 28, 2008, the plaintiff filed a motion for appellate attorney's fees incurred in responding to the defendant's second appeal.[3] On June 16, 2008, the defendant filed a motion to dismiss the plaintiff's motion for attorney's fees or, in the alternative, an objection to the motion for attorney's fees. On September 3, 2008, the court, *Hon. Anthony V. DeMayo*, judge trial referee, granted the plaintiff's motion for appellate attorney's fees incurred in the defendant's second appeal. On September 18, 2008, the defendant filed a motion to reargue and for reconsideration of the award of attorney's fees, which the court denied.

The defendant filed his third appeal in this matter on October 10, 2008, from the trial court's award of

[3] The plaintiff sought $16,980 for 84.9 hours billed at $200 per hour by his attorney for time spent on the defendant's second appeal.

attorney's fees. On December 8, 2009, this court affirmed in part and reversed in part the trial court's September 3, 2008 judgment awarding the plaintiff appellate attorney's fees. See *Gagne* v. *Vaccaro*, 118 Conn. App. 367, 984 A.2d 1084 (2009). This court held that the trial court had the authority, pursuant to General Statutes § 52-249, to award appellate attorney's fees but that the court should have held an evidentiary hearing as to the reasonableness of the fees. Id., 371–73. This court thus reversed the judgment in part and remanded the matter as to the award of attorney's fees, with direction to conduct a hearing as to the reasonableness of the plaintiff's requested fees. Id., 373.

The present appeal concerns the matters which occurred following this court's remand to the trial court in December, 2009. Following this court's remand, the plaintiff filed a motion for appellate attorney's fees incurred in responding to the defendant's third appeal and a motion for an order that the hearing ordered by this court would occur at the same time as the hearing on his most recent motion for attorney's fees. The defendant filed objections to the plaintiff's motions for appellate attorney's fees in connection with the second and third appeals. In addition, the defendant filed a deposition notice and a subpoena seeking the production of numerous documents from the plaintiff's attorney. On March 9, 2010, the court granted the plaintiff's motions for a protective order and to quash the subpoena, and the court overruled the defendant's objection thereto.

Thereafter, on March 18, 2010, the defendant filed a motion to disqualify the trial court, *Hon. Anthony V. DeMayo*, judge trial referee, from hearing the plaintiff's motions for appellate attorney's fees. The defendant argued that Judge DeMayo should disqualify himself because this court had reversed, in part, the earlier judgment rendered by him, namely, the September 3, 2008 judgment awarding appellate attorney's fees and

that, therefore, § 51-183c required that he not hear the case on remand. The defendant also filed a motion for a continuance of that hearing based on his filing of the motion to disqualify. On March 23, 2010, Judge DeMayo denied the defendant's motion to disqualify and held a hearing on the plaintiff's motions for appellate attorney's fees incurred in the defendant's second and third appeals. On April 14, 2010, Judge DeMayo issued a memorandum of decision awarding the plaintiff $16,980 in appellate attorney's fees for the defendant's second appeal and $9860 for the third appeal. This appeal followed.

The defendant claims that Judge DeMayo improperly refused to recuse himself in violation of § 51-183c. More specifically, the defendant argues that, because Judge DeMayo had originally rendered judgment on the motion for appellate attorney's fees, after this court reversed that judgment and remanded the case, he was required to recuse himself pursuant to § 51-183c. We agree.

Our review of whether a court properly denied a motion for recusal is ordinarily based on an abuse of discretion standard. See *Bonelli* v. *Bonelli*, 214 Conn. 14, 22, 570 A.2d 189 (1990). In the present case, however, the question of whether § 51-183c requires recusal in this situation presents a question of statutory interpretation. Therefore, our scope of review is plenary. See *Marandino* v. *Prometheus Pharmacy*, 294 Conn. 564, 574, 986 A.2d 1023 (2010).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning

General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Wilton Meadows Ltd. Partnership* v. *Coratolo*, 299 Conn. 819, 825, 14 A.3d 982 (2011).

In accordance with § 1-2z, we begin with the text of § 51-183c which provides: "No judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. No judge of any court who presided over any jury trial, either in a civil or criminal case, in which a new trial is granted, may again preside at the trial of the case." General Statutes § 51-183c.

The language of § 51-183c is clear and unambiguous. The statute explicitly prohibits a judge who tries a case that is thereafter reversed to try the case on remand. There is no reasonable manner in which the language of the statute can be interpreted to yield a different result. Indeed, the plaintiff does not offer a plausible alternative meaning, and does not claim that the plain language of the statute yields an absurd or unworkable result. Nor does the plaintiff claim that the defendant waived the application of § 51-183c.[4]

[4] In this connection, we note that the defendant did not raise the applicability of § 51-183c at the time that the trial court ruled on the plaintiff's motions for a protective order and to quash the subpoena, regarding the defendant's attempt to depose the plaintiff's attorney. Ordinarily, this would constitute a waiver of the applicability of the statute as to those matters. In the present case, however, because the question of whether the defendant should be permitted to depose the plaintiff's attorney is so closely related to the central question on remand, namely, the reasonableness of the plaintiff's attorney's fees, we think that the judge who decides that issue should decide all of the related issues. We therefore decline to invoke the waiver doctrine and leave the discovery questions to the appropriate court on remand, along with the other issues.

Furthermore, although our case law concerning § 51-183c is limited, it supports the application of the statute in the present case. In *Rosato* v. *Rosato*, 255 Conn. 412, 414, 766 A.2d 429 (2001), the defendant filed a motion for clarification of an order issued in a dissolution of marriage proceeding, providing that the defendant was to retain any benefits in her former husband's pension plan. The court required the former husband to pay 55 percent of his pension benefits to the defendant, and he appealed. Id., 415. This court reversed the order, and the defendant filed a petition for certification to appeal, which was granted. Id., 415, 418. The Supreme Court held that a remand to the trial court was required for determinations as to whether the former husband's pension benefits vested and, if they vested, when they vested. Id., 424–25. In making that decision, the Supreme Court explicitly stated that, to comply with § 51-183c, the remand for a new hearing on the financial orders would necessarily be before a different trial court than that which issued both the original order and the clarification. Id., 425 n.18.

In *Higgins* v. *Karp*, 239 Conn. 802, 804–805, 687 A.2d 539 (1997), the administratrix of the estate of a passenger who was killed in an airplane crash brought a wrongful death action against the administrator of one of the pilots' estate. After a default was entered against the administrator for failure to plead, and after his motion to set aside the default against him was denied, he appealed. Id., 806–807. The denial of that motion was reversed and remanded on the ground that the trial court considered irrelevant evidence in refusing to set aside the default. Id., 810–11. Our Supreme Court, in accordance with § 51-183c, ordered that the matter be assigned to a judge other than the judge who originally had decided the motion. See *Higgins* v. *Karp*, 243 Conn. 495, 500 n.7, 706 A.2d 1 (1998).

In *Willow Funding Co., L.P.* v. *Grencom Associates,* 63 Conn. App. 832, 779 A.2d 174 (2001), this court considered an appeal from a foreclosure action that previously had been remanded by our Supreme Court. In affirming the decision, this court made a point to note that, pursuant to § 51-183c, a different judge had heard the case on remand, who had no prior exposure to the case. Id., 835 n.4.

The plaintiff argues that the trial judge whose ruling was appealed was the proper judge to conduct the hearing on remand despite the language of § 51-183c. To support that position the plaintiff cites to *Tracey* v. *Tracey,* 97 Conn. App. 278, 283, 903 A.2d 679 (2006). In *Tracey,* this court discussed how our appellate cases are replete with situations in which the same trial judge rendered judgment and then ruled on a subsequent motion. Id., 282–83. *Tracey,* however, involved a judge who rendered judgment in a divorce proceeding and then also ruled on a postjudgment motion for attorney's fees. It did not involve an appellate remand after reversal of the trial court, which is the type of case governed by § 51-183c.

On the basis of our interpretation of § 51-183c and case law that has applied it, we conclude that § 51-183c is applicable in the present case and was not properly followed. As noted previously, on September 3, 2008, Judge DeMayo rendered judgment on the plaintiff's motion for attorney's fees. Thereafter, the defendant appealed from that judgment and this court reversed the judgment and remanded the matter for further proceedings. On remand, a different judge should have presided over the case, as requested by the defendant.

The judgments are reversed and the case is remanded for a new hearing on the plaintiff's motion for appellate attorney's fees, discovery objections and motion for contempt.

In this opinion the other judges concurred.