******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

J. WILLIAM GAGNE, JR. *v.* ENRICO VACCARO
(SC 18937)

Zarella, Eveleigh, McDonald, Espinosa and Keller, Js.

*Argued October 25, 2013—officially released May 6, 2014*

*Peter A. Ventre*, for the appellant (plaintiff).

*Eugene A. Skowronski*, for the appellee (defendant).

*Opinion*

ZARELLA, J. The present action is the culmination of a disagreement between two attorneys that has lasted decades. The plaintiff, J. William Gagne, Jr., appeals from the judgment of the Appellate Court, which concluded that General Statutes § 51-183c[1] required *Hon. Anthony V. DeMayo*, judge trial referee, to recuse himself from presiding over a hearing regarding the reasonableness of attorney's fees. The Appellate Court determined that this conclusion was dispositive of the appeal and remanded the case to the trial court for consideration of the defendant's other claims.[2] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that . . . § 51-183c required [Judge DeMayo] to recuse [him]self from presiding over the hearing on the plaintiff's motion for attorney's fees?" *Gagne* v. *Vaccaro*, 304 Conn. 907, 39 A.3d 1118 (2012). We do not reach this claim, or any of the defendant's alternative grounds for affirmance with respect to Judge DeMayo's recusal, however, because we conclude that these claims are moot.[3] We therefore remand the case to the Appellate Court with direction to dismiss the appeal as to the recusal issue and to consider the defendant's remaining claims.

The complete procedural history of this case is set forth in *Gagne* v. *Vaccaro*, 133 Conn. App. 431, 433–36, 35 A.3d 380 (2012). We summarize only the history relevant to the present appeal. "On May 28, 2008, the plaintiff filed a motion for appellate attorney's fees incurred in responding to the defendant's second appeal. On June 16, 2008, the defendant filed a motion to dismiss the plaintiff's motion for attorney's fees or, in the alternative, an objection to the motion for attorney's fees. On September 3, 2008, [Judge DeMayo] granted the plaintiff's motion for . . . attorney's fees incurred in the defendant's second appeal. On September 18, 2008, the defendant filed a motion to reargue and for reconsideration of the award of attorney's fees, which [Judge DeMayo] denied.

"The defendant filed his third appeal in this matter on October 10, 2008, from [Judge DeMayo's] award of attorney's fees. On December 8, 2009, [the Appellate] [C]ourt affirmed in part and reversed in part [Judge DeMayo's] September 3, 2008 [award of] . . . attorney's fees. See *Gagne* v. *Vaccaro*, 118 Conn. App. 367, [373] 984 A.2d 1084 (2009). [The Appellate] [C]ourt held that [Judge DeMayo] had the authority, pursuant to General Statutes § 52-249, to award appellate attorney's fees but that the court should have held an evidentiary hearing as to the reasonableness of the fees. Id., [371, 373]. [The Appellate] [C]ourt thus reversed the judgment in part and remanded the matter as to the award of attorney's fees, with direction to conduct a hearing as to the reasonableness of the plaintiff's requested

fees. Id., 373.

"The present appeal concerns the matters [that] occurred following [the Appellate] [C]ourt's remand to the trial court in December, 2009. Following [the Appellate] [C]ourt's remand, the plaintiff filed a motion for appellate attorney's fees incurred in responding to the defendant's third appeal and a motion for an order that the hearing ordered by [the Appellate] [C]ourt would occur at the same time as the hearing on [the plaintiff's] most recent motion for attorney's fees. The defendant filed objections to the plaintiff's motions for appellate attorney's fees in connection with the second and third appeals. In addition, the defendant filed a deposition notice and a subpoena seeking the production of numerous documents from the plaintiff's attorney. On March 9, 2010, [Judge DeMayo] granted the plaintiff's motions for a protective order and to quash the subpoena [and] . . . overruled the defendant's objection thereto.

"Thereafter, on March 18, 2010, the defendant filed a motion to disqualify [Judge DeMayo] from hearing the plaintiff's motions for appellate attorney's fees." (Footnote omitted.) *Gagne* v. *Vaccaro*, supra, 133 Conn. App. 434–35. The defendant argued that Judge DeMayo should recuse himself pursuant to Practice Book § 1-22[4] because he previously had ruled on the plaintiff's motion for attorney's fees on September 3, 2008, and the Appellate Court had reversed that ruling in part. "The defendant also filed a motion for a continuance of that hearing [in light of his] motion to disqualify [Judge DeMayo]." Id., 436. The plaintiff objected to the defendant's motion to disqualify on the ground that the defendant had not complied with the procedural requirements of Practice Book § 1-23,[5] which requires that a motion to disqualify be filed no less than ten days prior to the proceeding at issue unless good cause is shown. Specifically, the plaintiff argued that the defendant had received notice on March 9, 2010, that Judge DeMayo would be presiding over the March 23, 2010 hearing but did not file his motion to disqualify until March 18, 2010, only five days before the hearing.

On March 23, 2010, Judge DeMayo addressed the defendant's motion to disqualify prior to considering the plaintiff's motions for attorney's fees incurred in the defendant's second and third appeals. The defendant's counsel argued that, "[p]ursuant to . . . Practice Book § 1-22, [the defendant] would respectfully . . . request [that] Your Honor disqualify himself from hearing and ruling on this motion since it was the subject of an appeal in which Your Honor's prior ruling was reversed . . . ." The plaintiff's counsel responded: "[W]e did file an objection to [the defendant's] motion to disqualify, and, in effect . . . the defendant has . . . waived that right to try to even attempt to disqualify you, pursuant to Practice Book [§] 1-23, [which] requires . . . that any type of motion to recuse a judge must be filed no

less than ten days before the hearing. This motion, as the court knows, was only filed five days before the hearing; [and the defendant did not show] . . . good cause . . . ." The trial court then stated: "Well, I think that's a valid objection, but I think there is also the additional factor here that this remand from the Appellate Court is directed at this court, and this isn't the usual situation where the case comes back for retrial, rehearing, or whatever. . . . So the motion to disqualify is denied."

The trial court then addressed, inter alia, the defendant's motion for continuance and the reasonableness of the plaintiff's attorney's fees. "On April 14, 2010, Judge DeMayo . . . [awarded] the plaintiff $16,980 in appellate attorney's fees for the defendant's second appeal and $9860 for the third appeal." *Gagne* v. *Vaccaro*, supra, 133 Conn. App. 436. On June 17, 2010, Judge DeMayo ordered the defendant "to adhere to the order and schedule of payments in the amounts due." Thereafter, on August 19, 2010, the plaintiff filed a "motion for order and/or contempt" on the ground that the defendant had not made any payments pursuant to Judge DeMayo's June 17, 2010 order. The defendant did not make any payments until September 7, 2010. On September 9, 2010, Judge DeMayo found the defendant in contempt of the June 17, 2010 order and held a hearing regarding sanctions on September 28, 2010. The defendant thereafter appealed to the Appellate Court.

The defendant claimed on appeal to the Appellate Court that Judge DeMayo improperly had declined to recuse himself, in violation of Practice Book § 1-22, and also claimed, for the first time, that Judge DeMayo should have been disqualified pursuant to § 51-183c.[6] Specifically, the defendant argued that Judge DeMayo had demonstrated "bias" and "hostility" against the defendant in comments made during various proceedings.[7] The defendant also asserted other claims on appeal to the Appellate Court, which "emanate[d] from" Judge DeMayo's ruling regarding discovery objections and the imposition of interest, as well as a challenge to Judge DeMayo's finding of contempt against the defendant. See *Gagne* v. *Vaccaro*, supra, 133 Conn. App. 433 n.2. The plaintiff argued that, pursuant to Practice Book § 1-22, the defendant had waived his right to seek the disqualification of Judge DeMayo because the defendant filed his motion to disqualify less than ten days before the March 23, 2010 hearing and did not show good cause for the delay.

The Appellate Court agreed with the defendant that § 51-183c required Judge DeMayo to recuse himself. Id., 436, 439. The Appellate Court reasoned that the language of § 51-183c is "clear and unambiguous" and "explicitly prohibits a judge who tries a case that is thereafter reversed to try the case on remand." Id., 437. The Appellate Court concluded that § 51-183c applied

and, therefore, that Judge DeMayo should not have presided over the March 23, 2010 hearing regarding the reasonableness of attorney's fees. See id., 439. Accordingly, the Appellate Court reversed Judge DeMayo's award of attorney's fees and his finding of contempt, and remanded the case for a new hearing on the plaintiff's motions for attorney's fees and contempt, and for consideration of the defendant's discovery objections. Id. The Appellate Court specified that "a different trial judge necessarily will hear" the plaintiff's motions for attorney's fees and contempt, and consider his discovery objections. Id., 433 n.2. This certified appeal followed.

On appeal to this court, the plaintiff claims that the Appellate Court incorrectly concluded that Judge DeMayo was required to recuse himself under § 51-183c. The defendant counters that § 51-183c required Judge DeMayo to recuse himself because he previously had "tried" the case and the Appellate Court reversed his award of attorney's fees. The defendant also offers twenty-six alternative grounds for affirmance of the Appellate Court's judgment, which fall into four categories: (1) alternative grounds relating to the recusal of Judge DeMayo; (2) discovery objections; (3) the imposition of interest; and (4) the defendant's challenge to the trial court's finding of contempt.[8] After oral argument, this court, sua sponte, ordered supplemental briefing on the following issue: "Does the failure of the defendant to appeal [from] the trial court's ruling that the motion [to disqualify] failed to comply with Practice Book § 1-23 [render] moot the remaining issues regarding disqualification?"

We conclude that the issue of whether Judge DeMayo should have recused himself is moot. Because the Appellate Court did not address the defendant's other claims regarding discovery and the imposition of interest, we remand the case to the Appellate Court for consideration of those claims. We also decline to address the defendant's claims regarding Judge DeMayo's finding of contempt because the defendant failed to file a cross appeal. Accordingly, we reverse the judgment of the Appellate Court and remand the case to that court with direction to consider the defendant's remaining claims.

I

As a threshold matter, we note that the Appellate Court lacked subject matter jurisdiction to review the defendant's claims regarding the issue of Judge DeMayo's recusal because that issue is moot. Our determination that the recusal issue is moot disposes of the certified issue on appeal and five of the defendant's alternative grounds for affirmance.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates

[this] court's subject matter jurisdiction. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable . . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . A case is considered moot if [the] . . . court cannot grant the appellant any practical relief through its disposition of the merits . . . . Because mootness implicates this court's subject matter jurisdiction, it raises a question of law over which we exercise plenary review." (Internal quotation marks omitted.) *Wyatt Energy, Inc.* v. *Motiva Enterprises, LLC*, 308 Conn. 719, 736, 66 A.3d 848 (2013).

In *Wyatt Energy, Inc.*, the plaintiff, Wyatt Energy, Inc. (Wyatt), claimed that the trial court and the Appellate Court had applied an incorrect legal standard in defining the relevant product and geographic markets in their antitrust analysis. See id., 730–31. The defendant, Motiva Enterprises, LLC (Motiva), argued, inter alia, that, even if Wyatt's argument was correct, Wyatt had not appealed from the trial court's findings that other factors would have prevented Motiva from imposing higher than competitive rates. Id., 731. This court agreed and, therefore, concluded that the appeal was moot and dismissed it. Id., 731, 738–40. Similarly, in the present case, even if we were to agree with the defendant that Judge DeMayo should have recused himself, the defendant has not challenged Judge DeMayo's finding that the defendant waived his right to seek Judge DeMayo's disqualification on the ground that the defendant failed to follow the procedural requirements of Practice Book § 1-23. The requirements of Practice Book § 1-23 apply to any motion for disqualification of a judge and, therefore, apply to all of the defendant's claims regarding Judge DeMayo's failure to recuse himself. At the March 23, 2010 hearing, the plaintiff stated that he had filed an objection to the defendant's motion to disqualify because the defendant had failed to follow the procedural requirements set forth in Practice Book § 1-23. The trial court then found, inter alia, that this was "a valid objection . . . ." The defendant did not claim on appeal, either in the Appellate Court or this court, that Judge DeMayo improperly found that the defendant failed to follow the procedural requirements of Practice Book § 1-23 in filing the motion to disqualify. Rather, the defendant claimed that Judge DeMayo should have recused himself under Practice Book § 1-22 or General Statutes § 51-183c. Thus, as in *Wyatt Energy, Inc.*, we cannot offer the defendant in the present case any practical relief because he still would be bound by Judge DeMayo's adverse ruling that he had not filed his motion

to disqualify in accordance with the procedural requirements of Practice Book § 1-23.[9] We thus conclude that the Appellate Court improperly considered the merits of the defendant's claims regarding the recusal of Judge DeMayo because this issue was moot.

## II

Pursuant to Practice Book § 84-11, the defendant provides twenty-six alternative grounds for affirming the Appellate Court's judgment. These grounds fall into four categories: (1) alternative grounds for affirmance relating to the recusal of Judge DeMayo; (2) discovery objections; (3) the imposition of interest; and (4) the defendant's challenge to Judge DeMayo's finding of contempt. As we previously explained, the claims relating to the recusal of Judge DeMayo are moot, and, therefore, we do not address them. Because the Appellate Court remanded the case for a new hearing, the Appellate Court did not address the defendant's claims regarding discovery and the imposition of interest. Therefore, we remand the case to the Appellate Court for consideration of those claims.

Finally, we decline to address the defendant's claims regarding Judge DeMayo's finding of contempt because the defendant did not file a cross appeal. Practice Book § 61-8 provides in relevant part: "Any appellee or appellees aggrieved by the judgment or decision from which the appellant has appealed may jointly or severally file a cross appeal within ten days from the filing of the appeal. . . ." In the present case, the defendant filed separate appeals with the Appellate Court, one from Judge DeMayo's award of attorney's fees and another from Judge DeMayo's finding of contempt. In light of the Appellate Court's conclusion that Judge DeMayo should have recused himself, the plaintiff filed with this court a petition for certification to appeal from the Appellate Court's judgment, limited to the issue of whether the Appellate Court correctly concluded that § 51-183c required Judge DeMayo to recuse himself. *Gagne* v. *Vaccaro*, supra, 304 Conn. 907. The defendant then filed a motion for this court to review twenty-six alternative grounds for affirmance under Practice Book § 84-11,[10] some of which related to Judge DeMayo's finding of contempt. The finding of contempt was not, however, an alternative ground for affirmance or adverse ruling, but, rather, a ruling of the trial court that aggrieved the defendant. Therefore, the defendant should have raised any claim regarding the finding of contempt in a cross appeal filed pursuant to Practice Book § 61-8. We thus decline to review the defendant's claim regarding Judge DeMayo's finding of contempt and direct the Appellate Court to consider it on remand. See *Board of Police Commissioners* v. *White*, 171 Conn. 553, 557, 370 A.2d 1070 (1976).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to

dismiss the appeal as to the issue of disqualification and to consider the remaining claims.

In this opinion the other justices concurred.

[1] General Statutes § 51-183c provides: "No judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. No judge of any court who presided over any jury trial, either in a civil or criminal case, in which a new trial is granted, may again preside at the trial of the case."

[2] Specifically, the Appellate Court stated that, "[b]ecause [it] agree[d] with the defendant's first claim [concerning Judge DeMayo's recusal], [it did] not [need to] reach the merits of [the defendant's other] claims. The defendant's other claims all emanate[d] from rulings [issued by] the same [judge, who] improperly presid[ed] over the motion for . . . attorney's fees . . . . By way of relief, a different trial judge necessarily will [consider] the plaintiff's motion for . . . attorney's fees, discovery objections and motion for contempt [on remand]." *Gagne* v. *Vaccaro*, 133 Conn. App. 431, 433 n.2, 35 A.3d 380 (2012).

[3] After oral argument, this court, sua sponte, ordered supplemental briefing on the following issue: "As shown in the transcript of the March 23, 2010 hearing . . . [Judge DeMayo] denied the defendant's March 18, 2010 motion to disqualify. [Judge DeMayo] found, inter alia, that the plaintiff had raised a 'valid objection' in his argument that the defendant had not complied with the procedural requirements of Practice Book § 1-23. Does the failure of the defendant to appeal [from] the trial court's ruling that the motion failed to comply with Practice Book § 1-23 [render] moot the remaining issues regarding disqualification?"

[4] Practice Book § 1-22 provides in relevant part: "(a) A judicial authority shall, upon motion of either party or upon its own motion, be disqualified from acting in a matter if such judicial authority is disqualified from acting therein pursuant to Rule 2.11 of the Code of Judicial Conduct or because the judicial authority previously tried the same matter and a new trial was granted therein or because the judgment was reversed on appeal. . . ."

[5] Practice Book § 1-23 provides: "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time."

[6] The defendant did not raise § 51-183c as a ground for recusal before the trial court. The defendant first mentioned this ground in his brief to the Appellate Court.

[7] Notably, the defendant did not raise this bias or hostility argument before the trial court. The defendant's motion to disqualify, the accompanying supporting memorandum, and the defendant's attorney, during argument before Judge DeMayo, only discussed the portion of Practice Book § 1-22 pertaining to the disqualification of a judicial authority in the event of a new trial or when a judgment is reversed on appeal. See Practice Book § 1-22 (a).

[8] We recognize that the defendant's discovery objections and challenge to the finding of contempt are not technically alternative grounds for affirmance. Because both parties had the opportunity to brief these issues, however, and because the defendant raised them as alternative grounds for affirmance, we will treat them as such for purposes of this opinion.

[9] The defendant claims that he filed his motion to disqualify as soon as he learned that Judge DeMayo would be presiding over the March 23, 2010 hearing. It is precisely this issue, however, that we cannot review. Although late notification might qualify as "good cause" under Practice Book § 1-23, the defendant never challenged on appeal Judge DeMayo's finding that he did not comply with Practice Book § 1-23. Therefore, this issue is moot.

[10] Practice Book § 84-11 provides in relevant part: "(a) Upon the granting of certification, the appellee may present for review alternative grounds upon which the judgment may be affirmed provided those grounds were raised and briefed in the appellate court. Any party to the appeal may also present for review adverse rulings or decisions which should be considered on the appeal in the event of a new trial, provided that such party has raised such claims in the appellate court. . . ."