PER CURIAM.
**611 The respondent, the Commissioner of Correction (commissioner), appeals, upon our grant of his petition for certification, from the judgment of the Appellate Court reversing the judgment of the habeas court, which was rendered on remand following the Appellate Court's previous decision in Barlow v. Commissioner of Correction , 150 Conn. App. 781, 93 A.3d 165 (2014) ( Barlow I ), denying the petition for a writ of habeas corpus filed by the petitioner, Alison Barlow.[1] See Barlow v. Commissioner of Correction , 166 Conn. App. 408, 426-27, 142 A.3d 290 (2016) ( *80 Barlow II ). On appeal, the commissioner contends that the Appellate Court improperly concluded in Barlow II that (1) **612 General Statutes § 51-183c[2] required that a different habeas judge preside over the proceedings directed by Barlow I to determine whether deficient performance by the petitioner's attorney during the plea bargaining process was prejudicial under Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) the Barlow I remand order allowed for the introduction of new evidence on the question of whether counsel's deficient performance had prejudiced the petitioner, rather than requiring the habeas court to make that determination based solely on evidence already in the record.
After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted. See, e.g., State v. Carter , 320 Conn. 564, 566-68, 132 A.3d 729 (2016). Specifically, the issues presented by this case are relatively case specific and discrete, given its factual and procedural posture arising from the Appellate Court's remand in Barlow I . We do, however, make two additional observations about this case.
First, resolution of the first certified issue depends on whether the Appellate Court's remand order in Barlow I was a reversal and order of a new trial that would trigger the recusal obligation under § 51-183c. See, e.g., Gagne v. Vaccaro , 133 Conn. App. 431, 439, 35 A.3d 380 (2012) (holding that § 51-183c plainly and unambiguously required new trial judge at hearing on motions for attorney's fees on remand from Appellate Court judgment reversing in part prior fee award), rev'd on **613 other grounds, 311 Conn. 649, 90 A.3d 196 (2014). Although the interpretation of judgments is a question of law subject to plenary review; see, e.g., State v. Brundage , 320 Conn. 740, 747-48, 135 A.3d 697 (2016) ; given the posture of this case, we are reluctant to usurp the Appellate Court's authority to interpret its own rescript in Barlow I , which the habeas court properly determined was ambiguous on this point. See Barlow II , supra, 166 Conn. App. at 419, 142 A.3d 290. Accordingly, in the interest of intercourt comity, we defer to the Appellate Court's construction of its own ambiguous judgment allowing the admission of new evidence with respect to prejudice at the proceedings on remand as, in essence, a remand for a new trial requiring a new habeas judge to try the case under § 51-183c.[3] *81 See, e.g., State v. Carter , supra, 320 Conn. at 567, 132 A.3d 729 ("[i]n dismissing this appeal, we take no position as to the correctness of the Appellate Court's opinion").
Second, and more significantly, this case highlights the need for our appellate courts, in crafting remand orders, to be cognizant of disputes that might arise over the application of § 51-183c, in particular the need for clarity and consistency between the opinion and the **614 rescript.[4] As the Appellate Court recognized; see Barlow II , supra, 166 Conn. App. at 424-25, 142 A.3d 290 ; one way a reviewing court may remand a case to the original trial judge for additional proceedings without either triggering § 51-183c or a dispute over its application is by not disturbing the original judgment in any way and making clear that the remand is for the purpose of further factual findings.[5] See State v. Gonzales , 186 Conn. 426, 436 n.7, 441 A.2d 852 (1982) ("[a]lthough ... § 51-183c ordinarily requires that, upon a retrial, a different judge shall preside, that statute is inapplicable ... where the purpose of the remand is not to correct error but to determine whether error has occurred"); see also State v. Jarzbek , 204 Conn. 683, 708, 529 A.2d 1245 (1987) (following Gonzales to remand case "for further proceedings in accordance with this opinion" for "evidentiary hearing to determine whether there was a compelling need to videotape the testimony of the minor victim ... outside the presence of the defendant"), cert. denied, 484 U.S. 1061, 108 S.Ct. 1017, 98 L.Ed.2d 982 (1988) ; Holland v. Holland , 188 Conn. 354, 363-64 and n.6, 449 A.2d 1010 (1982) (This court remanded the case to the trial court for the submission of additional evidence-namely, a court-ordered blood test to determine paternity-and a "fully articulated memorandum of decision," concluding that "we do not believe that our remand is precluded by ... § 51-183c. We have not found that the trial court's judgment was erroneous; instead we are ordering further proceedings **615 to determine whether error has occurred."); State v. Gonzales , supra, at 435-36, 441 A.2d 852 (remanding case for judge who presided at trial to conduct in camera inspection of witness statement, determine whether it contained disclosable material, and whether any failure to disclose was harmless); cf. Rosato v. Rosato , 255 Conn. 412, 413, 425 n.18, 766 A.2d 429 (2001) (in case in which "the interests of justice require no less than a redetermination of the entire 'mosaic' that constitutes the complete financial order package," court noted that "[t]he remand for a new hearing on the financial orders necessarily will be before a different trial court than that which issued both the original order and the clarification"). Accordingly, should additional findings be necessary from an existing record in order to enable the expeditious resolution of a case, even subsequent to the publication of an opinion, the reviewing court may retain jurisdiction over the appeal by means of a rescript that does not disturb the underlying judgment pending *82 the remand and subsequent appellate proceedings.
The appeal is dismissed.

We granted the commissioner's petition for certification to appeal, limited to the following issues:
"1. Did the Appellate Court properly determine that General Statutes § 51-183c required the habeas court to grant the petitioner's motion for recusal?
"2. If the answer to the first question is in the affirmative, did the Appellate Court properly conclude that the habeas court improperly barred the petitioner from presenting new evidence on remand for purposes of proving prejudice?" Barlow v. Commissioner of Correction , 323 Conn. 906, 906-907, 150 A.3d 680 (2016).

General Statutes § 51-183c provides: "No judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. No judge of any court who presided over any jury trial, either in a civil or criminal case, in which a new trial is granted, may again preside at the trial of the case."

Specifically, we take no position on whether the Appellate Court's conclusion that "recusal was warranted under § 51-183c and Practice Book § 1-22" would be necessary if an appellate court's remand could be construed as something other than a remand for a new trial. Barlow II , supra, 166 Conn. App. at 425, 142 A.3d 290. Nor do we express any opinion on whether a remand to a different trial judge for further proceedings would be necessary or prudent in a circumstance such as the present case, in which the trial judge heard all of the evidence in the first instance but disposed of the case based on findings on one prong of a two-pronged analysis and not the other. See, e.g., Carraway v. Commissioner of Correction , 317 Conn. 594, 597 n.2, 119 A.3d 1153 (2015) ("[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice" [internal quotation marks omitted] ).

Judicial Branch initiatives increasing the individual calendaring of cases, such as the Complex Litigation and Land Use Dockets, render it all the more important that our appellate courts craft rescripts mindful of the effect of § 51-183c.

It is well established that an appellate court may "remand any pending matter to the trial court for the resolution of factual issues where necessary ...." Practice Book § 60-2(8) ; see also National Elevator Industry Pension, Welfare & Educational Funds v. Scrivani , 229 Conn. 817, 820 and n.3, 644 A.2d 327 (1994) (discussing retention of appellate jurisdiction pending additional trial court proceedings to resolve factual issues under what is now Practice Book § 60-2 [8] ).